# Complaint Exhibit 12

JHLC - JHLC142L - 000216 - 002 of 006

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS SOLUTIONS
INNOVATION IN ACTION

Chris McGee MD PA
116 LA CANTERA DR
DECATUR, TX 76234-5691

May 22, 2025

**In Any Inquiry Refer to**
5525091261800

**Beneficiary Identifier**
[redacted]

**Internal Control Number**
5725057900133

**Service Date**
April 04, 2024

**Service Provided By**
Chris McGee MD PA

**Service Provided To**
[redacted]

Dear Chris McGee MD PA,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the amnio quad-core service. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the service at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted]

**Summary of the Facts**

- A claim was submitted for 37 units of the amnio quad-core, per square centimeter (Q4294 76).

- An initial determination on this claim was made on March 04, 2025.
- The service was denied because the information provided did not support the need for this service or item.
- On April 01, 2025, we received a request for a redetermination.
- The request included the Redetermination Request, the Overpayment Letter, the Progress Notes, the Wound Assessment Notes, the Tissue Application Logs, the Wound Treatment Orders, the History and Physical, the Wound Assessment/Orders, the Progress Note Details, the Assessment, the Current Medication List, and the Vascular & Endovascular Surgery Report.

## Decision

We have determined 37 units of the amnio quad-core, per square centimeter (Q4294 76) are not covered by Medicare. The provider is responsible for the cost of the service. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

## Explanation of the Decision

A clinician looked at the facts on file, the documentation supplied by the Unified Program Integrity Contractor (UPIC) and any records submitted with the appeal request and determined the medical records are not sufficient to support 37 units of the amnio quad-core, per square centimeter (Q4294 76) as reasonable and necessary. The records submitted contained a progress note from Cutting Edge Wound Solutions, dated April 04, 2024, which showed the female beneficiary presented for a follow up visit related to long standing lymphedema to bilateral lower extremities. The progress note indicates Amnio Quad-Core will be used as treatment. A wound assessment note dated April 04, 2024, documented a right lateral lower extremity ulcer with measurement of 9 x 18 x 0.4 (L x W x D), with 20 percent slough and 80 percent granulation. Mechanical debridement was performed with post measurement of 9 x 18.5 x 0.5 (166.5 square centimeters). Six Amnio Quad-Core 4x4s were cut and placed to site of the wound bed, secured with contact layer, and covered with silver alginate and cover foam. The claim was denied for failing to meet Medicare guidelines. The records did not adequately show measurements or detail of the initial wound to provide baseline data prior to initiation of the skin substitutes. The records did not show at least four weeks of beneficiary compliant specific wound care treatment interventions that had failed prior to the placement of skin substitute. The records showed the beneficiary had peripheral vascular disease, diabetes, and hypertension.

JHLC - JHLC142L - 000216 - 003 of 006

The documentation did not provide sufficient information on extenuating factors affecting wound healing, including management of comorbid conditions. The records failed to show a comprehensive wound management treatment program. It was not evident in the record how many applications of skin substitute grafts were planned and when the skin substitute treatment had been initiated. The graft sizes used did not completely cover the size of the wounds. Documentation did not provide explanation why only a portion of the wound was covered with the product. As Medicare guidelines have not been met, the services cannot be approved as reasonable and necessary. Section 1862 (a)(1)(A) of the Social Security Act; Code of Federal Regulations (CFR), title 42, volume 3, Section 424-5 (a)(6), and Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), were utilized for this review.

**Who is Responsible for the Bill?**

After determining that the item or service will not be covered by Medicare, we must determine who is financially liable for the denied item or service. When an item or service is denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider or supplier either knew or could reasonably be expected to know that the item or service would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the item or service that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied item or service. If the provider or supplier knew or could reasonably be expected to know the item or service would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied item or service.

There is no evidence to indicate that the provider notified the beneficiary in advance that the item or service would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that the item or service would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the item or service would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known the item provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered item or service, the provider is liable for the cost of the denied item or service. The provider may not bill the beneficiary for the cost of the denied item or service and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional documentation to support the documentation requirements of the LCD and Medicare guidance.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the service should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

**Contact Information**

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

Beneficiary: 1-800-MEDICARE (1-800-633-4227)
Nationwide TTY Number-1-877-486-2048

Provider: 1-855-252-8782
Nationwide TTY Number-1-855-498-2447

JHLC - JHLC142L - 000216 - 004 of 005

Sincerely,

Novitas Solutions - Jurisdiction H
A Medicare Contractor

CC: [redacted]

JHLC - JHLC142L - 000216 - 005 of 006

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.

Beneficiary ID: [redacted]
Please refer to: 5525091261780

JHLC - JHLC142L - 000216 - 006 of 006

NOVITAS
SOLUTIONS

INNOVATION IN ACTION

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN/DCN if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ( ) Beneficiary
( ) Provider of Service
( ) Representative

5. Address of the Person Appealing: ______________________________

______________________________


000216 0006 0006 000
N9506-C02-02

5a. Telephone Number of the Person Appealing:

______________________________________________________________________

5b. Email Address of the Person Appealing:

______________________________________________________________________

6. Item or service you wish to appeal:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________________________________

______________________________________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)

JHLC - JHLC142L - 000217 - 002 of 006

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS
SOLUTIONS
INNOVATION IN ACTION

Chris McGee MD PA
116 LA CANTERA DR
DECATUR, TX 76234-5691

May 22, 2025
**In Any Inquiry Refer to**
5525091262650
**Beneficiary Identifier**
[redacted]
**Internal Control Number**
5725057900135
**Service Date**
April 04, 2024
**Service Provided By**
Chris McGee MD PA
**Service Provided To**
[redacted]

Dear Chris McGee MD PA,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the amnio quad-core service. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the service at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted]

**Summary of the Facts**

- A claim was submitted for 35 units of the amnio quad-core, per square centimeter (Q4294).

- An initial determination on this claim was made on March 04, 2025.
- The service was denied because the information provided did not support the need for this service or item.
- On April 01, 2025, we received a request for a redetermination.
- The request included the Redetermination Request, the Overpayment Letter, the Progress Notes, the Wound Assessment Notes, the Tissue Application Logs, the Wound Treatment Orders, the History and Physical, the Wound Assessment/Orders, the Progress Note Details, the Assessment, the Current Medication List, and the Vascular & Endovascular Surgery Report.

**Decision**

We have determined 35 units of the amnio quad-core, per square centimeter (Q4294) are not covered by Medicare. The provider is responsible for the cost of the service. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

**Explanation of the Decision**

A clinician looked at the facts on file, the documentation supplied by the Unified Program Integrity Contractor (UPIC) and any records submitted with the appeal request and determined the medical records are not sufficient to support 35 units of the amnio quad-core, per square centimeter (Q4294) as reasonable and necessary. The records submitted contained a progress note from Cutting Edge Wound Solutions, dated April 04, 2024, which showed the female beneficiary presented for a follow up visit related to long standing lower extremities ulcerations. The progress note indicates Amnio Quad-Core will be used as treatment. A wound assessment note dated April 04, 2024, documented a right medial lower extremity ulcer, a right posterior lower extremity ulcer, a right lateral lower extremity ulcer. The claim was denied for failing to meet Medicare guidelines. The records did not adequately show measurements or detail of the initial wound to provide baseline data prior to initiation of the skin substitutes. The records did not show at least four weeks of beneficiary compliant specific wound care treatment interventions that had failed prior to the placement of skin substitute. The records showed the beneficiary had peripheral vascular disease, diabetes, and hypertension.

The documentation did not provide sufficient information on extenuating factors affecting wound healing, including management of comorbid conditions. The records failed to show a comprehensive wound management treatment program. It was not evident in the record how many applications of skin substitute grafts were planned and when the skin substitute treatment had been initiated. Documentation did not provide explanation why only a portion of the wound was covered with the product. As Medicare guidelines have not been met, the service cannot be approved as reasonable and necessary. Section 1862 (a)(1)(A) of the Social Security Act; Code of Federal Regulations (CFR), title 42, volume 3, Section 424-5 (a)(6), and Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), were utilized for this review.

**Who is Responsible for the Bill?**

After determining that the item or service will not be covered by Medicare, we must determine who is financially liable for the denied item or service. When an item or service is denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider or supplier either knew or could reasonably be expected to know that the item or service would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the item or service that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied item or service. If the provider or supplier knew or could reasonably be expected to know the item or service would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied item or service.

There is no evidence to indicate that the provider notified the beneficiary in advance that the item or service would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that the item or service would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the item or service would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known the item provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered item or service, the provider is liable for the cost of the denied item or service. The provider may not bill the beneficiary for the cost of the denied item or service and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional documentation to support the documentation requirements of the LCD and Medicare guidance.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the service should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

**Contact Information**

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

| | |
|---|---|
| Beneficiary: | 1-800-MEDICARE (1-800-633-4227)<br>Nationwide TTY Number-1-877-486-2048 |
| Provider: | 1-855-252-8782<br>Nationwide TTY Number-1-855-498-2447 |

JHLC - JHLC142L - 000217 - 004 of 006

Sincerely,

Novitas Solutions - Jurisdiction H
A Medicare Contractor

CC: [redacted]

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.

Beneficiary ID: [redacted]
Please refer to: 552[redacted]

JHLC - JHLC142L - 000217 - 006 of 006

NOVITAS
SOLUTIONS

INNOVATION IN ACTION

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary:

______________________________________________

2a. Medicare Number:

______________________________________________

2b. Claim Number (ICN/DCN if available):

______________________________________________

3. Provider Name:

______________________________________________

4. Person Appealing:
( ) Beneficiary
( ) Provider of Service
( ) Representative

5. Address of the Person Appealing:

______________________________________________

______________________________________________


000217 0006 0006 000

5a. Telephone Number of the Person Appealing:

______________________________________________

5b. Email Address of the Person Appealing:

______________________________________________

6. Item or service you wish to appeal:

______________________________________________

______________________________________________

______________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________

______________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)

JHLC - JHLC141L - 000136 - 002 of 006

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS
SOLUTIONS
INNOVATION IN ACTION

Chris McGee MD PA
116 LA CANTERA DR
DECATUR, TX 76234-5691

May 21, 2025

**In Any Inquiry Refer to**
5525091261770

**Beneficiary Identifier**
[redacted]

**Internal Control Number**
5725057900137

**Service Date**
April 04, 2024

**Service Provided By**
Chris McGee MD PA

**Service Provided To**
[redacted]

Dear Chris McGee MD PA,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the surgery services and the amnio quad-core service. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the services at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted]

## Summary of the Facts

- A claim was submitted for the application of skin substitute (wound surface up to 100 square centimeters) to trunk, arms, or legs (first 25 square centimeters or less) (15271), three units of the application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq. cm. of wound 100.0 sq. cm. or less (15272), and 38 units of the amnio quad-core, per square centimeter (Q4294).
- An initial determination on this claim was made on March 04, 2025.
- The services were denied because the information provided did not support the need for the services or items.
- On April 01, 2025, we received a request for a redetermination.
- The request included the Redetermination Request, the Overpayment Letter, the Progress Notes, the Wound Assessment Notes, the Tissue Application Logs, the Wound Treatment Orders, the History and Physical, the Wound Assessment/Orders, the Progress Note Details, the Assessment, the Admission Record, and the Vascular & Endovascular Surgery Report.

## Decision

We have determined the application of skin substitute (wound surface up to 100 square centimeters) to trunk, arms, or legs (first 25 square centimeters or less) (15271), three units of the application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq. cm. of wound 100.0 sq. cm. or less (15272), and 38 units of the amnio quad-core, per square centimeter (Q4294) are not covered by Medicare. The provider is responsible for the cost of the services. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

## Explanation of the Decision

A clinician looked at the facts on file, the documentation supplied by the Unified Program Integrity Contractor (UPIC) and any records submitted with the appeal request and determined the medical records are not sufficient to support the application of skin substitute (wound surface up to 100 square centimeters) to trunk, arms, or legs (first 25 square centimeters or less) (15271), three units of the application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq. cm. of wound 100.0 sq. cm. or less (15272), and 38 units of the amnio quad-core, per square centimeter (Q4294) as reasonable and necessary.

The records submitted contained a progress note from Cutting Edge Wound Solutions, dated April 04, 2024, which showed the female beneficiary presented for a follow up visit related to lower extremity wounds. An addendum dated October 04, 2024, was added to the April 04, 2024, progress note showed provider Villard, noted prognosis for healing is excellent with continued use of amniotic tissue grafts and current treatment. The claim was denied for failing to meet Medicare guidelines. The records did not adequately show measurements or detail of the initial wound to provide baseline data prior to initiation of the skin substitutes. The records did not show at least four weeks of beneficiary compliant specific wound care treatment interventions that had failed prior to the placement of skin substitute. The records showed the beneficiary had peripheral vascular disease, diabetes, and hypertension. The documentation did not provide sufficient information on extenuating factors affecting wound healing, including management of comorbid conditions. The records failed to show a comprehensive wound management treatment program. It was not evident in the record how many applications of skin substitute grafts were planned and when the skin substitute treatment had been initiated. The graft sizes used did not completely cover the size of the wounds. Documentation did not provide explanation why only a portion of the wound was covered with the product. As Medicare guidelines have not been met, the services cannot be approved as reasonable and necessary. Since the product applied was denied, the application codes must also be denied. Section 1862 (a)(1)(A) of the Social Security Act; Code of Federal Regulations (CFR), title 42, volume 3, Section 424-5 (a)(6), and Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), were utilized for this review.

**Who is Responsible for the Bill?**

After determining that the items or services will not be covered by Medicare, we must determine who is financially liable for the denied items or services. When items or services are denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider or supplier either knew or could reasonably be expected to know that the items or services would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the items or services that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied items or services. If the provider or supplier knew or could reasonably be expected to know the items or services would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied items or services.

There is no evidence to indicate that the provider notified the beneficiary in advance that these items or services would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that these items or services would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the items or services would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known that the items or services provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered items or services, the provider is liable for the cost of the denied items or services. The provider may not bill the beneficiary for the cost of the denied items or services and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional documentation to support the documentation requirements of the LCD and Medicare guidance.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the services should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

JHLC - JHLC141L - 000136 - 004 of 006

## Contact Information

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

Beneficiary: 1-800-MEDICARE (1-800-633-4227)
Nationwide TTY Number-1-877-486-2048

Provider: 1-855-252-8782
Nationwide TTY Number-1-855-498-2447

Sincerely,

Novitas Solutions - Jurisdiction H
A Medicare Contractor

CC: [redacted]

JHLC - JHLC141L - 000136 - 005 of 006

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.


000136 0005 0006 000

NOVITAS SOLUTIONS

INNOVATION IN ACTION

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary:

______________________________

2a. Medicare Number:

______________________________

2b. Claim Number (ICN/DCN if available):

______________________________

3. Provider Name:

______________________________

4. Person Appealing:
( ) Beneficiary
( ) Provider of Service
( ) Representative

5. Address of the Person Appealing:

______________________________

______________________________

5a. Telephone Number of the Person Appealing:

______________________________________________

5b. Email Address of the Person Appealing:

______________________________________________

6. Item or service you wish to appeal:

______________________________________________

______________________________________________

______________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________

______________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)

JHLC - JHLC142L - 000121 - 002 of 006

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS
SOLUTIONS

INNOVATION IN ACTION

Chris McGee MD PA
116 LA CANTERA DR
DECATUR, TX 76234-5691

May 22, 2025

**In Any Inquiry Refer to**
5525091265300
**Beneficiary Identifier**
[redacted]
**Internal Control Number**
6725057900127
**Service Date**
May 31, 2024
**Service Provided By**
Chris McGee MD PA
**Service Provided To**
[redacted]

Dear Chris McGee MD PA,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the amnio quad-core service. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the service at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted]

**Summary of the Facts**

- A claim was submitted for 38 units of the amnio quad-core, per square centimeter (Q4294 59 76).

- An initial determination on this claim was made on March 04, 2025.
- The service was denied because the information provided did not support the need for this service or item.
- On April 01, 2025, we received a request for a redetermination.
- The request included the Redetermination Request, the Overpayment Letter, the Progress Notes, the Wound Assessment Notes, the Tissue Application Logs, the Wound Treatment Orders, the History and Physical, the Wound Assessment/Orders, the Progress Note Details, the Assessment, the Current Medication List, and the Vascular & Endovascular Surgery Report.

**Decision**

We have determined 38 units of the amnio quad-core, per square centimeter (Q4294 59 76) are not covered by Medicare. The provider is responsible for the cost of the service. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

**Explanation of the Decision**

A clinician looked at the facts on file, the documentation supplied by the Unified Program Integrity Contractor (UPIC) and any records submitted with the appeal request and determined the medical records are not sufficient to support 38 units of the amnio quad-core, per square centimeter (Q4294 59 76) as reasonable and necessary. The records submitted contained a progress note from Cutting Edge Wound Solutions, dated May 31, 2024, which showed the beneficiary presented for a follow up visit related to multiple long standing lower extremities ulcerations. The progress note indicates Amnio Quad-Core will be used as treatment. A wound assessment note dated May 31, 2024, documented a left leg ulcer, a right posterior lateral ulcer of unspecified location, and multiple right posterior proximal ulcers of right leg. An addendum dated October 07, 2024, was added to the May 31, 2024, progress note showing provider McGee noted the prognosis for healing is excellent with continued use of amniotic tissue grafts and current treatment.

JHLC - JHLC142L - 000121 - 003 of 006

The claim was denied for failing to meet Medicare guidelines. The records did not adequately show measurements or detail of the initial wound to provide baseline data prior to initiation of the skin substitutes. The records did not show at least four weeks of beneficiary compliant specific wound care treatment interventions that had failed prior to the placement of skin substitute. The records showed the beneficiary had peripheral vascular disease, diabetes, and hypertension. The documentation did not provide sufficient information on extenuating factors affecting wound healing, including management of comorbid conditions. The records failed to show a comprehensive wound management treatment program. It was not evident in the record how many applications of skin substitute grafts were planned and when the skin substitute treatment had been initiated. Documentation did not provide explanation why only a portion of the wound was covered with the product. As Medicare guidelines have not been met, the service cannot be approved as reasonable and necessary. Section 1862 (a)(1)(A) of the Social Security Act; Code of Federal Regulations (CFR), title 42, volume 3, Section 424-5 (a)(6), and Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), were utilized for this review.

**Who is Responsible for the Bill?**

After determining that the item or service will not be covered by Medicare, we must determine who is financially liable for the denied item or service. When an item or service is denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider or supplier either knew or could reasonably be expected to know that the item or service would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the item or service that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied item or service. If the provider or supplier knew or could reasonably be expected to know the item or service would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied item or service.

There is no evidence to indicate that the provider notified the beneficiary in advance that the item or service would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that the item or service would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the item or service would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known the item provided would not be covered.


000121 0003 0006 000
162966-002-0

Since the provider has been determined to have had knowledge of the non-covered item or service, the provider is liable for the cost of the denied item or service. The provider may not bill the beneficiary for the cost of the denied item or service and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional documentation to support the documentation requirements of the LCD and Medicare guidance.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the service should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

**Contact Information**

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

JHLC - JHLC142L - 000121 - 004 of 006

Beneficiary: 1-800-MEDICARE (1-800-633-4227)
Nationwide TTY Number-1-877-486-2048

Provider: 1-855-252-8782
Nationwide TTY Number-1-855-498-2447

Sincerely,

Novitas Solutions - Jurisdiction H
A Medicare Contractor

CC: [redacted]



000121 0004 0006 000

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.

Beneficiary ID: [redacted]
Please refer to: 55250991265300



NOVITAS
SOLUTIONS

INNOVATION IN ACTION

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary:

________________________________________

2a. Medicare Number:

________________________________________

2b. Claim Number (ICN/DCN if available):

________________________________________

3. Provider Name:

________________________________________

4. Person Appealing:
   ( ) Beneficiary
   ( ) Provider of Service
   ( ) Representative

5. Address of the Person Appealing:

________________________________________

________________________________________

5a. Telephone Number of the Person Appealing:

______________________________________________

5b. Email Address of the Person Appealing:

______________________________________________

6. Item or service you wish to appeal:

______________________________________________

______________________________________________

______________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________

______________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)