# Complaint Exhibit 17

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS SOLUTIONS
INNOVATION IN ACTION

April E. Lopez, FNP-BC, LLC
3705 N WARE RD
MCALLEN, TX 78501-3371

May 17, 2024
**In Any Inquiry Refer to**
5524101259460
**Beneficiary Identifier**
[redacted]
**Internal Control Number**
572404590005 4
**Service Date**
March 07, 2023
**Service Provided By**
April E. Lopez, FNP-BC, LLC
**Service Provided To**
[redacted]

Dear April E. Lopez, FNP-BC, LLC,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the skin substitute. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the service at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted]

**Summary of the Facts**

- A claim was submitted for the 70 units of Carepatch, per square centimeter (Q4236).

- An initial determination on this claim was made on February 21, 2024.
- The service was denied because the information provided did not support the need for this service.
- On April 10, 2024, we received a request for a redetermination.
- The request included the Demand Letter Number 34546857, 1500 Claim Forms, letter, spreadsheet and review results form from Qlarant Integrity Solutions, provider's response dated March 04, 2024, office visit records, wound images, Patient Consent to Wound Care Treatment records, Case Study Zenith Amniotic Membrane article published by Legacy Medical Consultants, Current Medication List, Progress Notes, Coordination of Care/Additional Documentation Form, the Order Invoices, package labels, Fulfillment/Rebate Agreements and Allograft Tissue Information and Application Instructions from Extremity Care, LLC, medical records attestation, brochure for Lopez Family and Wound Healing Clinic, diplomas and professional certifications and recertifications, Immediate Press Release from American Board of Wound Management, laboratory records, physiologic study record, Patient Benefit Verification Summary, Novitasphere screenprints, Chapters 17 and 30 of the Medicare Claim Processing Manual (CMS Internet-Only Manual, Publication 100-4), Chapters 3 and 13 of the Medicare Program Integrity Manual (CMS Internet-Only Manual, Publication 100-8), Chapter I of General Correct Coding Policies for National Correct Coding Initiative Policy Manual for Medicare Services, Billing and Coding Article (LCA) - Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (A54117), 42 Code of Federal Regulations (CFR), Chapter IV, Section 424.3, Local Coverage Determinations (LCD) Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041) and LCD Wound Care (L35125), Section 1862 of 42 US Code 1395y, cover of the CPT 2022 published by the American Medical Association (AMA), cover pages of the Syllabus and Study Guide from the Wound Certification Course, Patient Safety and Quality: An Evidence-Based Handbook for Nurses, Vol. 1, Chapter 12 - Pressure Ulcers: A Patient Safety Issue, page from CMS QRP Pocket Guide, page one of an article published by Wound Care Education Institute, the cover of Current Medical Diagnosis and Treatment 2017, cover of The Merck Manual, Case Study Zenith Amniotic Membrane, email from Wilson W. Bryan, MD and James Bertram, PhD, at the US Food and Drug Administration, Zenith Amniotic Membrane Allograft 2024 Reimbursement Guide, Zenith Single Layer Amniotic Graft Q4253 product brochure, Zenith Package Insert and Ordering Information by Legal Medical Consultants, modifier, billing and appeal information published by Novitas Solutions, Red Book search results screenprint, and screenprints from CMS.gov.

## Decision

We have determined the 70 units of Carepatch, per square centimeter (Q4236) is not covered by Medicare. The provider is responsible for the cost of the service. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

## Explanation of the Decision

A clinician has reviewed the medical records submitted with the appeal request and records provided by the Unified Program Integrity Contractor (UPIC), and determined the documentation does not support the service billed. The records submitted include an office note for the beneficiary, on March 7, 2023. The office note supports the beneficiary was seen for a wound of the bilateral legs. In addition, the office note supports an application of the Carepatch skin substitute procedure was performed. However, according to the Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), a description of the wounds must be documented at baseline (prior to beginning conservative treatment) relative to size, location, stage, duration, and presence of infection, in addition to type of treatment given and response. This information must be updated in the medical record throughout treatment. Wound description must also be documented pre and post treatment with the skin substitute graft being used. If obvious signs of worsening or lack of treatment response is noted, continuing treatment with the skin substitute would not be considered reasonable and necessary without documentation of a reasonable rationale for doing so. Chronic wounds are defined as wounds that do not respond to standard wound treatment for at least a 30 day period during organized comprehensive conservative therapy. Medicare covers the application of skin substitutes to ulcers or wounds with failed response that are clean and free of necrotic debris or exudate. In all wound management the ulcer must be free of infection and underlying osteomyelitis with documentation of the conditions that have been treated and resolved prior to the institution of skin substitute therapy. The documentation does not support a description of the wound at baseline, duration of prior treatments, and the reason for initiation of the skin substitute. Additionally, the documentation does not support the management of underlying factors affecting wound healing. As the Medicare requirements have not been met, the service cannot be approved as reasonable and necessary. The Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM) Publication 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2, was also utilized for this review.

## Who is Responsible for the Bill?

After determining that the item or service will not be covered by Medicare, we must determine who is financially liable for the denied item or service. When an item or service is denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider

or supplier either knew or could reasonably be expected to know that the item or service would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the item or service that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied item or service. If the provider or supplier knew or could reasonably be expected to know the item or service would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied item or service.

There is no evidence to indicate that the provider notified the beneficiary in advance that the item or service would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that the item or service would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the item or service would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known the item provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered item or service, the provider is liable for the cost of the denied item or service. The provider may not bill the beneficiary for the cost of the denied item or service and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional procedure notes, office visit notes, progress notes, a comprehensive medical history, physical examination, treatment plan notes, or any other relevant documents to support the service was performed, and reasonable and necessary, as outlined in the LCD.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the service should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

**Contact Information**

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

Beneficiary: 1-800-MEDICARE (1-800-633-4227)
Nationwide TTY Number-1-877-486-2048

Provider: 1-855-252-8782
Nationwide TTY Number-1-855-498-2447

Sincerely,

C. Gussler

C. Gussler
Novitas Solutions
Appeals

CC: [redacted]

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.

CENTERS FOR MEDICARE & MEDICAID SERVICES

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN/DCN if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ( ) Beneficiary
( ) Provider of Service
( ) Representative

5. Address of the Person Appealing: ______________________________

______________________________

5a. Telephone Number of the Person Appealing:

______________________________________________________________

5b. Email Address of the Person Appealing:

______________________________________________________________

6. Item or service you wish to appeal:

______________________________________________________________

______________________________________________________________

______________________________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________________________

______________________________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

April E Lopez Fnp-bc Llc
3705 N WARE RD
MCALLEN, TX 78501-3371

CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES

NOVITAS SOLUTIONS
INNOVATION IN ACTION

April E. Lopez, FNP-BC, LLC
3705 N WARE RD
MCALLEN, TX 78501-3371

May 17, 2024
**In Any Inquiry Refer to**
5524101259490
**Beneficiary Identifier**
[redacted]
**Internal Control Number**
5724045900055
**Service Date**
April 19, 2023
**Service Provided By**
April E. Lopez, FNP-BC, LLC
**Service Provided To**
[redacted]

Dear April E. Lopez, FNP-BC, LLC,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the skin substitute. Novitas Solutions was contracted by Medicare to review your appeal.

The appeal decision is unfavorable. Medicare does not cover the service at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section of this letter titled, "Important Information about Your Appeal Rights."

A copy of this letter was also sent to [redacted].

**Summary of the Facts**

- A claim was submitted for the 70 units of Carepatch, per square centimeter (Q4236).

- An initial determination on this claim was made on February 21, 2024.
- The service was denied because the information provided did not support the need for this service.
- On April 10, 2024, we received a request for a redetermination.
- The request included the Demand Letter Number 34546857, 1500 Claim Forms, letter, spreadsheet and review results form from Qlarant Integrity Solutions, provider's response dated March 04, 2024, office visit records, wound images, Patient Consent to Wound Care Treatment records, Case Study Zenith Amniotic Membrane article published by Legacy Medical Consultants, Current Medication List, Progress Notes, Coordination of Care/Additional Documentation Form, the Order Invoices, package labels, Fulfillment/Rebate Agreements and Allograft Tissue Information and Application Instructions from Extremity Care, LLC, medical records attestation, brochure for Lopez Family and Wound Healing Clinic, diplomas and professional certifications and recertifications, Immediate Press Release from American Board of Wound Management, laboratory records, physiologic study record, Patient Benefit Verification Summary, Novitasphere screenprints, Chapters 17 and 30 of the Medicare Claim Processing Manual (CMS Internet-Only Manual, Publication 100-4), Chapters 3 and 13 of the Medicare Program Integrity Manual (CMS Internet-Only Manual, Publication 100-8), Chapter I of General Correct Coding Policies for National Correct Coding Initiative Policy Manual for Medicare Services, Billing and Coding Article (LCA) - Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (A54117), 42 Code of Federal Regulations (CFR), Chapter IV, Section 424.3, Local Coverage Determinations (LCD) Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041) and LCD Wound Care (L35125), Section 1862 of 42 US Code 1395y, cover of the CPT 2022 published by the American Medical Association (AMA), cover pages of the Syllabus and Study Guide from the Wound Certification Course, Patient Safety and Quality: An Evidence-Based Handbook for Nurses, Vol. 1, Chapter 12 - Pressure Ulcers: A Patient Safety Issue, page from CMS QRP Pocket Guide, page one of an article published by Wound Care Education Institute, the cover of Current Medical Diagnosis and Treatment 2017, cover of The Merck Manual, Case Study Zenith Amniotic Membrane, email from Wilson W. Bryan, MD and James Bertram, PhD, at the US Food and Drug Administration, Zenith Amniotic Membrane Allograft 2024 Reimbursement Guide, Zenith Single Layer Amniotic Graft Q4253 product brochure, Zenith Package Insert and Ordering Information by Legal Medical Consultants, modifier, billing and appeal information published by Novitas Solutions, Red Book search results screenprint, and screenprints from CMS.gov.

## Decision

We have determined the 70 units of Carepatch, per square centimeter (Q4236) is not covered by Medicare. The provider is responsible for the cost of the service. For further information, please refer to the section of the letter titled, "Who is Responsible for the Bill?"

## Explanation of the Decision

A clinician has reviewed the medical records submitted with the appeal request and records provided by the Unified Program Integrity Contractor (UPIC), and determined the documentation does not support the service billed. The records submitted include an office note for the beneficiary, on April 19, 2023. The office note supports the beneficiary was seen for a wound of the bilateral legs. In addition, the office note supports an application of the Carepatch skin substitute procedure was performed. However, according to the Local Coverage Determination (LCD): Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds (L35041), a description of the wounds must be documented at baseline (prior to beginning conservative treatment) relative to size, location, stage, duration, and presence of infection, in addition to type of treatment given and response. This information must be updated in the medical record throughout treatment. Wound description must also be documented pre and post treatment with the skin substitute graft being used. If obvious signs of worsening or lack of treatment response is noted, continuing treatment with the skin substitute would not be considered reasonable and necessary without documentation of a reasonable rationale for doing so. Chronic wounds are defined as wounds that do not respond to standard wound treatment for at least a 30 day period during organized comprehensive conservative therapy. Medicare covers the application of skin substitutes to ulcers or wounds with failed response that are clean and free of necrotic debris or exudate. In all wound management the ulcer must be free of infection and underlying osteomyelitis with documentation of the conditions that have been treated and resolved prior to the institution of skin substitute therapy. The documentation does not support a description of the wound at baseline, duration of prior treatments, and the reason for initiation of the skin substitute. Additionally, the documentation does not support the management of underlying factors affecting wound healing. Further, the medical record includes photographs of the wound; however, all photos are of poor quality that the appearance of the wound could not be determined by revieing the information. As the Medicare requirements have not been met, the service cannot be approved as reasonable and necessary. The Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM) Publication 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2, was also utilized for this review.

**Who is Responsible for the Bill?**

After determining that the item or service will not be covered by Medicare, we must determine who is financially liable for the denied item or service. When an item or service is denied under Section 1862(a)(1), Section 1862(a)(9), or Section 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider or supplier either knew or could reasonably be expected to know that the item or service would not be covered. This is known as the limitation on liability provision of Section 1879 of the Act.

If the beneficiary was informed by their provider or supplier in writing in advance of receiving the item or service that Medicare may not make payment (through receipt of an Advance Beneficiary Notice of Non-coverage), the beneficiary may be responsible for the cost of the denied item or service. If the provider or supplier knew or could reasonably be expected to know the item or service would not be covered, but the beneficiary did not have such knowledge, then the provider or supplier may be responsible for the cost of the denied item or service.

There is no evidence to indicate that the provider notified the beneficiary in advance that the item or service would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably be expected to know that the item or service would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the item or service would not be covered by Medicare. Based on the coverage limitations provided in the "Explanation of the Decision" of this letter, the provider knew or should have known the item provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered item or service, the provider is liable for the cost of the denied item or service. The provider may not bill the beneficiary for the cost of the denied item or service and must refund any monies collected from the beneficiary.

As a component of this appeal, we considered whether a waiver of the overpayment should be granted. We have verified the overpayment was initiated within the appropriate timeframe as outlined in Section 1870 (b) and (c) of the Social Security Act. The provider is responsible for repaying the overpayment amount based on the coverage limitations provided in the "Explanation of the Decision" of this letter.

**What to Include in Your Request for a Reconsideration of This Appeal**

If you do not agree with this decision, you may file an appeal. When submitting your appeal you will need to provide additional procedure notes, office visit notes, progress notes, a comprehensive medical history, physical examination, treatment plan notes, or any other relevant documents to support the service was performed, and reasonable and necessary, as outlined in the LCD.

It will be helpful for you to provide any other documentation you believe supports the reason for a favorable decision. The documentation you provide should show why you believe the service should be given a favorable decision. Please provide the documentation with your request for an appeal to a Qualified Independent Contractor (QIC).

**Note to Medicare Physicians, Providers, and Suppliers Only**

Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor (QIC).

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. The information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

**Contact Information**

If you have questions, write or call:

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

Beneficiary: 1-800-MEDICARE (1-800-633-4227)
Nationwide TTY Number-1-877-486-2048

Provider: 1-855-252-8782
Nationwide TTY Number-1-855-498-2447

Sincerely,

C. Gussler

C. Gussler
Novitas Solutions
Appeals

CC: [redacted]

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision**: If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Novitas Solutions.

**How to Appeal**: To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Novitas Solutions made the redetermination. You may also attach supporting materials such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, you should send your request to; C2C Innovative Solutions, Inc., QIC Part B South, P.O. Box 45300, Jacksonville, Florida 32232-5300.

**Who May File an Appeal**: You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information**: If you want copies of statues, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter: Novitas Solutions, 2020 Technology Parkway, Suite 100, Mechanicsburg, PA 17050.

**Resources for Medicare Beneficiaries**: If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook under the "Helpful Contacts" section of www.medicare.gov Website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227). TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor who is handling your appeal.

CENTERS FOR MEDICARE & MEDICAID SERVICES

**MEDICARE PART B**

## RECONSIDERATION REQUEST FORM

Directions: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7 & 11 but to help us serve you better, please include a copy of the redetermination notice with your reconsideration request.

C2C Innovative Solutions, Inc.
QIC Part B South
P. O. Box 45300
Jacksonville, FL 32232-5300

1. Name of Beneficiary:

______________________________

2a. Medicare Number:

______________________________

2b. Claim Number (ICN/DCN if available):

______________________________

3. Provider Name:

______________________________

4. Person Appealing:
( ) Beneficiary
( ) Provider of Service
( ) Representative

5. Address of the Person Appealing:

______________________________

______________________________

5a. Telephone Number of the Person Appealing:

______________________________________________________________________

5b. Email Address of the Person Appealing:

______________________________________________________________________

6. Item or service you wish to appeal:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

7. Date of the service: From: ______ / ______ /______ To: ______ / ______ /______

8. Does this appeal involve an overpayment? Yes ( ) No ( )

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary)

______________________________________________________________________

______________________________________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:

( ) Medical Records
( ) Copy of Claim
( ) Treatment Plan
( ) Office Records/Progress Notes
( ) Certificate of Medical Necessity

11. Name of Person Appealing:

______________________________________________________________________

12. Date: ______/______/_______

Contractor Number: 04412 (TX)

Novitas Solutions
P.O. Box 3110
Mechanicsburg, PA 17055-1826

April E Lopez Fnp-bc Llc
3705 N WARE RD
MCALLEN, TX 78501-3371