# Complaint Exhibit 19

Department of Health and Human Services
Office of the Secretary

**OFFICE OF MEDICARE HEARINGS AND APPEALS**

Cleveland Field Office
1001 Lakeside Ave
Suite 700
Cleveland, OH 44114
216-462-4100
(216) 462-4073 (Direct)
216-615-9029 (Fax)
866-236-5089 (Toll Free)

March 18, 2025

LILES PARKER PLLC
ATTN: ROBERT SALTAFORMAGGIO
2121 WISCONSIN AVE SUITE 200
WASHINGTON, DC 20007

## NOTICE OF DECISION

Appellant: APRIL E LOPEZ FNP-BC LLC
OMHA Appeal Number: 3-14286864182

Enclosed is the decision for the above case. This decision is based on the administrative record, including any evidence or testimony presented at the hearing, if one was held. The decision is not precedential, does not release the appellant from civil or criminal liability, and may be reopened at any time if it was procured by fraud or similar fault. In addition, the decision may be reopened within 180 calendar days from the date of the decision for good cause. Good cause exists when there is new and material evidence that was not available or known at the time of the decision and may result in a different conclusion, or when the evidence that was considered clearly shows on its face that an obvious error was made at the time of the decision.

**What if I disagree with the decision?**

If you disagree with the decision, you may file an appeal with the Medicare Appeals Council. Other parties may also appeal the decision. In addition, the Medicare Appeals Council may decide to review the decision on its own motion. If no party appeals the decision and the Medicare Appeals Council does not review the decision, the decision is binding on all parties and you and the other parties will not have the right to ask a federal court to review the decision.

If you are not already represented, you may appoint an attorney or other person to represent you.

**How much time do I have to file an appeal?**

The Medicare Appeals Council must receive your written appeal **within 60 calendar days** of the date that you receive this notice. The Medicare Appeals Council assumes you received this notice 5 calendar days after the date of the notice unless you show that you did not receive it within the 5-day period.

The Medicare Appeals Council will dismiss a late request for review unless you show that you had a good reason for not filing it on time.

**How do I file an appeal?**

To appeal, you must ask the Medicare Appeals Council to review the decision. Your appeal must be in writing, except that a request for expedited review of a Part D decision may be made orally as described below. Your appeal must identify the parts of the decision that you disagree with, and explain why you disagree.

You may submit a written request for review to the Medicare Appeals Council using one of three available methods: mail, fax, or electronic filing (E-File). **Please do not submit your request for review using more than one method**. Regardless of how you file your appeal, **you must always send a copy of your written request for review to the other parties who received a copy of the decision.**

If you are filing a written request for review, you may use the enclosed *Request for Review* (Form DAB-101), or you may write a letter containing the following:

- The beneficiary's/enrollee's name (and telephone number for Part D appeals);
- The beneficiary's/enrollee's Medicare number (Health Insurance Claim Number or Medicare Beneficiary Identifier);
- The item(s), service(s), or specific Part D drug(s) in dispute;
- The specific date(s) the item(s) or service(s) were provided, if applicable;
- For Part D appeals, the plan name;
- For Part D appeals, the OMHA Appeal Number on the adjudicator's decision;
- For Part D appeals requesting expedited review, a statement that you are requesting expedited review;
- The date of the adjudicator's decision (not required for Part D appeals); and
- Your name and signature, and, if applicable, the name and signature of your representative.

**Filing by mail:**

Mail your appeal and a copy of the enclosed decision to:

Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

**Filing by fax:**

Fax your appeal and a copy of the enclosed decision to **(202) 565-0227.**

**Filing by computer:**

Using your web browser, visit the Medicare Operations Division Electronic Filing System (MOD E-File) website at **https://dab.efile.hhs.gov/mod**.

To file a new appeal using MOD E-File, you will need to register by:

1. Clicking **Register** on the MOD E-File home page;
2. Entering the information requested on the "Register New Account" form; and
3. Clicking **Register Account** at the bottom of the form.

You will use the email address and password you provided during registration to access MOD E-File at **https://dab.efile.hhs.gov/mod/users/new**. You will be able to use MOD E-File to file and access the specific materials for appeals to which you are a party or a party's representative. You may check the status of any appeal on the website homepage without registering.

Once registered, you may file your appeal by:

1. Logging into MOD E-File;
2. Clicking the **File New Appeal** menu button on the top right of the screen;
3. Selecting the type of appeal you are filing (Request for Review or Request for Escalation); and
4. Entering the requested Appeal Information and uploading the requested Appeal Documents on the "File New Appeal - Medicare Operations Division" form. You are required to provide information and documents marked with an asterisk.

At a minimum, the Medicare Appeals Council requires an appellant to file a signed Request for Review and a copy of the enclosed decision. All documents should be submitted in Portable Document Format (PDF) whenever possible. Any document, including a Request for Review, will be deemed to have been filed on a given day, if it is uploaded to MOD E-File on or before 11:59 p.m. EST of that day.

Currently, the documents that may be filed electronically are the:

1. Request for Review;
2. Appointment of Representative form (OMB Form 0938-0950);
3. Copy of Administrative Law Judge or attorney adjudicator decision;
4. Memorandum or brief or other written statement in support of your appeal; and
5. Request to Withdraw your appeal

**No other documents aside from the five (5) listed categories above may be submitted through MOD E-File.**

**Filing by oral request (for expedited review only):**

Oral requests for expedited review of a Part D decision may be made by telephone to **(866) 365-8204.** You must provide the information listed in the bullet points above and a statement that you are requesting an expedited review within 60 calendar days after receipt of this notice of decision. The Medicare Appeals Council will document the oral request in writing and maintain the documentation in the case file.

Please note that your request for review will only be expedited (1) the appeal involves an issue specified in 42 C.F.R. § 423.566(b), but does not include solely a request for payment of a Part D drug that has already been furnished, and (2) the prescribing physician (or other prescriber) indicates, or the Medicare Appeals Council determines, that the standard time frame may seriously jeopardize your life, health, or ability to regain maximum function.

**How will the Medicare Appeals Council respond to my appeal?**

The Medicare Appeals Council will limit its review to the issues raised in the appeal, unless the appeal is filed by an unrepresented beneficiary/enrollee. It may change the parts of the decision that you agree with. It may adopt, modify, or reverse the decision, in whole or in part, or it may send the case back to OMHA for further action. It may also dismiss your appeal.

**Questions?**

You may call or write our office. A toll-free phone number and mailing address are at the top of this notice.

Additional information about filing an appeal with the Medicare Appeals Council is available at http://www.hhs.gov/dab/. You can also call the Medicare Appeals Council's staff in the Medicare Operations Division of the Departmental Appeals Board at (202) 565-0100 or (866) 365-8204 (toll free), if you have questions about filing an appeal.

cc:

C2C Innovative Solutions, Inc.
Part B South C2C
301 W Bay Street, Ste. 1110
Jacksonville, FL 32231-4006

Enclosures:
OMHA-152, Decision
DAB-101, Request for Review
OMHA-156, Exhibit List
Attachment A

**Department of Health and Human Services**
**OFFICE OF MEDICARE HEARINGS AND APPEALS**
Cleveland, OH

| | | | |
|---|---|---|---|
| Appeal of: | APRIL E LOPEZ FNP-BC LLC | OMHA Appeal No.: | 3-14286864182 |
| Beneficiary: | Multiple (See Attachment A) | Medicare Part: | B |
| Medicare No.: | Multiple (See Attachment A) | Before: | Robert S. Fisher<br>Administrative Law Judge |

## DECISION

After carefully considering the evidence and arguments presented in the record, an **UNFAVORABLE** decision is entered against the Appellant. The Appellant has demonstrated that the application of the Zenith Amniotic Membrane and/or carePATCH as a cover to wounds refractory to conservative measures was experimental and investigational and was not supported by peer-reviewed human trials demonstrating its medical efficacy for chronic, non-healing wounds. As a matter of law, the procedures furnished on the dates at issue were not reasonable and necessary under §1862(a) of the Social Security Act, and the documentation requirements of §1833(e) were insufficiently satisfied so that Medicare cannot provide reimbursement. The beneficiaries and claim dispositions are more fully identified in a chart at the end of this Decision. The Appellant was not without fault for causing the overpayment and liability for the non-covered charges cannot be waived. The Appellant remains liable for the overpayment.

## Procedural History

The Appellant submitted claims to Medicare for application of skin substitute grafts (Zenith Amniotic Membrane and/or carePATCH) that it provided to the beneficiaries listed in this appeal on various dates of service at issue, which were paid initially. However, the claims were selected for a post-payment audit where overpayments were found. The overpayments were upheld upon redetermination. The Appellant requested reconsideration. On September 13, 2024, C2C Innovative Solutions, Inc., the Qualified Independent Contractor ("QIC"), issued an unfavorable decision upholding the overpayments. The QIC further found that the Appellant was liable for the overpayments.

An appeal and request for an Administrative Law Judge (ALJ) Hearing, pursuant to 42 C.F.R. § 405.1002(a), was timely filed and received by the Office of Medicare Hearings and Appeals (OMHA). The amount in controversy meets the jurisdictional requirements for a hearing at OMHA.

The undersigned had a hearing on February 25, 2025. The Appellant was represented at hearing through attorney Robert Saltaformaggio and they presented argument as well as the testimony of April Lopez, FNP. The QIC was advised of the hearing but did not indicate any intention to

participate and was not present at the date and time of the hearing. The witnesses were sworn in according to law.

This case was decided pursuant to the Administrative Procedure Act (5 U.S.C. § 551 et. seq.), Title XVIII of the Social Security Act (the Act) and implementing regulations and policy. All exhibits admitted to the record, without objection, and considered in reaching the decision herein.

## Issues

The issue on appeal is whether all coverage criteria have been met under Title XVIII of the Social Security Act (the Act) for the services that the Appellant provided to the beneficiaries on the various dates of service. If coverage is not found, the issue becomes who is liable for the non-covered services and whether the Appellant's liability can be waived under §1879 of the Social Security Act? If there is an overpayment, there is a question of whether the Appellant was "without fault" and the overpayment can be waived under §1870 of the Social Security Act?

## Applicable Law and Policy

The Medicare Part B program entitles a beneficiary to have payment made to him or her on his or her behalf for medical and other health services. Coverage of medical and other health services is qualified by the overarching principles of §§1862(a) and 1833(e) of the Social Security Act (the "Act) (42 U.S.C. §§1395y(a) and 1395l(e)). Section 1862(a) limits Medicare payments to items or services that are "reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member," notwithstanding any other provision of Title XVIII of the Act. (*See also* 42 C.F.R. § 411.15(k)(1).) Section 1833(e) of the Act requires a claim for payment under Medicare Part B to be supported by sufficient information and documentation. (*See also* 42 C.F.R. § 424.5(a)(6).)

The term "medical and other health services" is defined at §1861(s)(1) of the Act (42 U.S.C. §1395x(s)(1)) to include "physicians' services." *See also* 42 C.F.R. § 410.10(a). The term "physicians' services" is defined at §1861(q) of the Act [42 U.S.C. § 1395x(q)] as "professional services performed by physicians, including surgery, consultation, and home, office, and institutional calls." Pursuant to Section 1861(r)(4) of the Act (42 U.S.C. § 1395x(r)(4)), the term "physician" means professionals, subject to certain limitations and restrictions, legally authorized to practice by the State in which he or she performs the functions or actions, when acting within the scope of his or her license and includes the following: a doctor of medicine or osteopathy, a doctor of dental surgery or dental medicine, a doctor of podiatric medicine, a doctor of optometry, and a chiropractor who meets the qualifications specified in 42 C.F.R. §410.22. (*See also* 42 C.F.R. § 410.20(a).)

Section 1879(a) of the Act provides that if the services provided are deemed to be not reasonable and necessary for the diagnosis and treatment of an illness or injury or to improve the functioning of a malformed body member or are deemed to be custodial, payment may still be made if both the beneficiary and the Provider of the services did not know, nor reasonably should have been expected to know, that the services would not be reimbursable by Medicare. (Social Security Act § 1879(b).) Medicare reimbursement under §1879 cannot be made when Medicare coverage is denied for any basis other than under the provision of §1862(a)(1). Social Security Act §1879(a)(1). A provider is deemed to have known that services were excluded from coverage if it received "CMS notices, including manual issuances, bulletins, or other written guides or directives from intermediaries, carriers, or QIOs…." (42 C.F.R. § 411.407). A

beneficiary would not be expected to have knowledge of those guidance or directives unless specifically provided in an advanced beneficiary notice. (*Id.*).

In addition to binding regulations with the full force and effect of law, CMS and its contractors have issued policy guidance that describe criteria for coverage of selected types of medical items and services in the form of manuals and local coverage determinations (LCDs). Medicare contractors issue these written determinations, called LCDs, specifying under what clinical circumstances an item or service is considered to be medically reasonable and necessary. They are administrative and educational tools to assist providers in submitting correct claims for payment. Medicare Program Integrity Manual (MPIM), 100-08, Ch. 13, §13.1.3. Contractors publish LCDs to provide guidance to the public and medical community within their jurisdictions whether, on a contractor-wide basis, a particular item or service is covered. Act §1869(f)(2)(B).

In accordance with Federal Regulations, an ALJ is not bound by LCDs or CMS program guidance, such as program memoranda and manual instructions, but *must* give substantial deference to these policies if they are applicable to a particular case. *See* 42 C.F.R. §405.1062(a). If an ALJ declines to follow a policy in a particular case, the ALJ decision must explain the reasons why the policy was not followed. *See* 42 C.F.R. §405.1062(b). An ALJ may not set aside or invalidate an LCD for purposes of a claim appeal. 42 C.F.R. §405.1062(c).

As the Medicare Administrative Contractor (MAC) for Part B services in Texas, Novitas Solutions, Inc. ("Novitas") has published a Local Coverage Determination (LCD) L35041 - Application of Bioengineered Skin Substitutes to Lower Extremity Chronic Non-Healing Wounds. LCD L35041 provides guidelines for determining coverage and payment for the application of skin substitutes or CTPs to non-healing wounds resulting from diabetic foot ulcers and venous leg ulcers of the lower extremities.

## FINDINGS OF FACT AND ANALYSIS

### Findings of Fact

#### General Facts

On October 26, 2023, Qlarant, the Unified Program Integrity Contractor (UPIC), sent the appellant a notification of overpayment review and additional documentation request (ADR). In conducting the post-payment review, the UPIC used a statistically valid random sample (SVRS) of the appellant claims for reimbursement and discovered what it believed to be a "high level of payment error" in the reimbursements provided to the appellant. Specifically, the UPIC reviewed a 20 claim sample involving medical records of seven beneficiaries and 20 claim lines of service. Using that sample of claims, the UPIC found an error rate of 100% and an actual overpayment amount of $1,503,871.89. The appellant was notified of the total overpayment amount on January 30, 2024, in the UPIC's Notice of Overpayment Findings. Notable findings from the medical review include: The documentation was insufficient to support Medicare guidelines.

On February 26, 2024, the MAC issued an overpayment notification letter (demand letter) to the appellant for $1,503,871.89.

The following services are at issue:

Q4253 - Zenith Amniotic Membrane, per square (sq) centimeter (cm)
Q4236 - carePATCH, per sq cm

The ALJ will provide brief descriptions below of the services at issue.

**Beneficiary Information**

Beneficiary: [redacted]
Date(s) of service: November 11, 2022, November 15, 2022, November 25, 2022, November 29, 2022, December 9, 2022, December 14, 2022, December 20, 2022, December 22, 2022, January 2, 2023, January 13, 2023 and January 31, 2022
Procedure: Q4253 – Zenith Amniotic Membrane, per square (sq) centimeter (cm)

The beneficiary had wounds to his bilateral legs and feet with an onset date of July 5, 2022. His past medical history was significant for type 2 diabetes, hypertension, high cholesterol, and morbid obesity, among others.

On the dates of service at issue, the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC AG, FNP-BC for wound care management. Ms. Lopez assessed the beneficiary's diabetic ulcers on the beneficiary's right heel, right leg, left leg, left heel, and left calf. Ms. Lopez determined that the application of a cellular and/or tissue-based product (CTP) was indicated for the patient. At each visit the wounds were assessed and measurements were obtained and recorded. In addition, the clinician reported that the wounds showed no evidence of granulation tissue or healing but were without symptoms of infection.

Beneficiary: [redacted]
Date(s) of service: November 16, 2022
Procedure: Q4253 – Zenith Amniotic Membrane, per square (sq) centimeter (cm)

The beneficiary had wounds to his right hip, right buttock, right heel, and right first metatarsal head, which had been present for more than 30 days. His past medical history was significant for type 2 diabetes, hypertension, hyperlipidemia, peripheral vascular disease, left above-the-knee amputation, right fifth toe amputation, and prostate cancer.

On the date of service above the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC-AG, FNP-BC for wound care management. Ms. Lopez assessed the beneficiary's stage 4 pressure ulcers on the beneficiary's right hip and right buttock as well as the diabetic ulcers on the beneficiary's right heel and right first metatarsal head. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

Beneficiary: [redacted]
Date(s) of service: October 11, 2022
Procedure: Q4253 – Zenith Amniotic Membrane, per square (sq) centimeter (cm)

The beneficiary had wounds to her sacral region, left hip, and bilateral feet, which had been present for more than 30 days. Her past medical history was significant for physical deconditioning, muscle weakness, multiple sclerosis, seizure disorder, type 2 diabetes, fatigue, hyperlipidemia, and hypertension among others.

On the date of service above the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC AG, FNP-BC for wound care management. Ms. Lopez assessed the beneficiary's stage 4 pressure ulcer on the beneficiary's sacral region. These wounds failed to show evidence of healing by contraction and advancement of epithelial margins following 4 weeks of optimization and therefore qualified as chronic non-healing. The wounds also failed to respond to standard wound care for more than 30 days. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

Beneficiary: [redacted]
Date(s) of service: February 9, 2023, April 21, 2023
Procedure: Q4253 – Zenith Amniotic Membrane, per square (sq) centimeter (cm)
Q4236 - carePATCH, per sq cm

The beneficiary had multiple wounds to his right hip, which were present for more than 30 days. His past medical history was significant for morbid obesity, hypertension, type 2 diabetes, osteoarthritis, high cholesterol, and scoliosis, among others.

On the date of service above, the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC AG, FNP-BC, for wound care management. Ms. Lopez assessed the beneficiary's stage 3 pressure ulcers on his right lower leg. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

Beneficiary: [redacted]
Date(s) of service: March 7, 2023 and April 19, 2023
Procedure: Q4236 - carePATCH, per sq cm

The beneficiary had multiple wounds to his bilateral legs and feet with some of these wounds being present for more than 30 days while others were present for more than a year. His past medical history was significant for type 2 diabetes, hyperlipidemia, essential hypertension, osteoarthritis, and rheumatoid arthritis.

On dates of service above, the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC-AG, FNP-BC, for wound care management. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

Beneficiary: [redacted]
Date(s) of service: October 11, 2022
Procedure: Q4253 – Zenith Amniotic Membrane, per square (sq) centimeter (cm)

The beneficiary had a wound to his right foot and which had been present for more than 30 days. His past medical history was significant for type 2 diabetes, peripheral vascular disease, hypertension, gait abnormalities, and osteoarthritis, among others.

On the date of service above, the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC-AG, FNP-BC, for wound care management. Ms. Lopez assessed the beneficiary's diabetic ulcer on his right foot. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

Beneficiary: [redacted]
Date(s) of service: March 23, 2023
Procedure: Q4236 - carePATCH, per sq cm

The beneficiary had multiple wounds to his bilateral legs and feet with an onset date of March 1, 2020. His past medical history was significant for type 2 diabetes with foot ulcer, hypertension, and hypercholesterolemia.

On the date of service above, the beneficiary was seen by April Lopez, CSWS, CWS, MSN, APRN, ACNPC AG, FNP-BC, for wound care management. Ms. Lopez assessed the patient's six wounds. As a result, Ms. Lopez determined that a cellular and/or tissue-based product (CTP) was indicated for the patient.

**Legal Analysis**

There is no question raised in these cases regarding the conditions of the beneficiaries or the application of the products. However, there is simply a lack of medical literature to support coverage of these two products under Medicare law and guidance.

The following are factors to consider in determining whether an item or service to be reasonable and necessary:

- It is safe and effective;
- It is not experimental or investigational; and
- It is appropriate, including the duration and frequency in terms of whether the service or item is:
    - Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
    - Furnished in a setting appropriate to the beneficiary's medical needs and condition;
    - Ordered and furnished by qualified personnel; and,
    - One that meets, but does not exceed, the beneficiary's medical need.

*MPIM*, ch. 3, § 3.6.2.2.

Zenith Amniotic Membrane (Q4253) and carePATCH (Q4236) are dehydrated, sterilized cellular amniotic membrane allografts provided on skin and used as a barrier and covering for wounds. The Appellant has maintained that they do not require FDA approval because they are human cells and tissue and cellular and tissue-based products (HCT/Ps) that are eligible to be marketed under section 361 of the Public Health Service (PHS) Act. Additionally, the Appellant maintains that regardless, there is sufficient support from double-blinded, randomized human clinical trials for safety and effectiveness when used as a wound covering to treat the specific conditions at issue in this Appeal. The QIC disagrees, stating that there is a lack of peer-reviewed, evidence-based literature in support of these specific products the Appellant has not met its burden of showing that the services meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

FDA categorization or approval is only one factor to consider in making a Medicare coverage determination. 42 C.F.R. §405.201(a)(1). Even if the amniotic membranes are compliant with §361 of the Public Health Services (PHS) Act and the regulations in 21 C.F.R. part 1271, that compliance is not dispositive on the issue of Medicare coverage for the beneficiaries.

Medicare generally provides coverage for medical items when there is sufficient information to conclude that the services were medically reasonable and necessary for the treatment or management of an illness or medical condition. *See* Social Security Act §1861(s); 1862 (a)(1)(a). Determining whether a medical item is Medicare-covered involves a different determination than whether that item has been sanctioned by the FDA. Although the current LCD does not specifically identify brands of products, the requirement of medical reasonableness and necessity underlies all coverage decisions. The appellant argued that all HCT/Ps are similar in that they are for homologous use and need to be minimally manipulated, and that these qualities lessen the risk profile of the products. However, it is evident from guidance in the Public Comment response below and LCD 35041 presently scheduled to be effective April 13, 2025[1], that each product has unique characteristics, and that each product must therefore be supported by product-specific medical research and literature.

The following Response to Public Comments is instructive in determining an analytical framework for determining whether products are medically reasonable and necessary. Although the actual comment response was dated after the period at issue in this case, it relies on sources dating back to 2012 and 2020 establishing "due to processing variations each product must be studied in a "properly conducted clinical trial."

> "The LCD section on "Product classification" explains the rationale as to why the LCD looks at products individually rather than as a class and explains why products within the same class are not interchangeable. "Products within the same class vary significantly and impact on the product's function indeterminant in many cases." The LCD explains "Even products derived from the same origin are variable since these products undergo proprietary processing. Skin substitute grafts/CTP may share similarities, but they are individually unique in their proprietary processing, thickness, cell count, presence of living cells and other features." Unique products go through separate applications for FDA regulation and products are assigned unique HCPCS codes. There are few studies that compare products to each other which may help understand if products within the same class share similar function despite these differences. In the AHRQ technical assessment, 76 products were classified using the Davison-Kotler classification system, a method structured according to cellularity, layering, replaced region, material used, and permanence. The found cellularity is a significant difference among skin substitute grafts as the presence of cells raises the rejection risk and production complexity with 8 products being classified into the cellular group. **Both the 2012 and 2020 AHRQ reports that conclude due to processing variations each product must be studied in a "properly conducted clinical trial"**. A 2024 SR/MA (Banerjee et. al.) concludes "Enough evidence is still lacking to determine a statistical difference between broad categories of CAMPs; and hence, decision makers should consider published head-head comparative studies, real-world evidence and cost-effectiveness evidence between individual CAMPs to decide on which to use in practice." The International Consensus Document in Journal of Wound Care explains "differences in product composition and the proprietary processing methods used by manufacturers make each CAMP unique, creating a need for more comparative studies." Response to Public Comments, A59945, Comment #36 (November 14, 2024).

[1] The ALJ is not applying a future dated LCD in deciding this case. It is cited only to show that a product by product approach to considering whether a particular product is reasonable and necessary is a valid, sound approach. This is contrary to the attorney's argument that all HCT/P skin grafts should be considered equivalent for Medicare Coverage.

Although the products may be eligible to be marketed under section 361 of the PHS Act, there is insufficient support from double-blinded, randomized human clinical trials for safety and effectiveness for these two products.

Since the services have been determined to be not medically reasonable and necessary, that implicates the liability shifting analysis under the Social Security Act §1879. Under that provision, the liability of either or both a provider and beneficiary may be waived if neither knew nor reasonably should not have known that the services would not be covered by Medicare. The Appellant did not advise the beneficiaries' that the services might not be payable under Medicare. As such, the beneficiaries' liability is waived. However, the Appellant knew or should have known that the services were not medically reasonable and necessary. Further, the Appellant was not without fault in causing the overpayment. The overpayment is upheld, and the Appellant is responsible for the non-covered charges.

## <u>Conclusions of Law</u>

The Appellant has failed to satisfy the Applicable Medicare coverage criteria for the Zenith Amniotic Membrane (Q4253) and CarePATCH (Q4236) it applied to the beneficiaries on the multiple dates of service at issue in this Appeal. The Appellant is at fault for causing the overpayment regarding the services and its liability for the non-covered charges cannot we waived. The Appellant remains liable for the overpayment as it relates to the services at issue. Below find a chart identifying the initials of the beneficiaries, codes, dates of service and disposition of each claim.

| Beneficiary Name | Date of Service | Medicare No. | Procedure Codes | Disposition |
|---|---|---|---|---|
| [redacted] | 11/29/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 12/9/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 12/20/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 12/14/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 12/14/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 11/25/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 12/22/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 1/2/2023 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 11/15/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 11/11/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 1/31/2023 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 1/13/2023 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 11/16/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 10/11/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 2/9/2023 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 4/21/2023 | [redacted] | Q4236 | Unfavorable |
| [redacted] | 3/7/2023 | [redacted] | Q4236 | Unfavorable |
| [redacted] | 4/19/2023 | [redacted] | Q4236 | Unfavorable |
| [redacted] | 10/11/2022 | [redacted] | Q4253 | Unfavorable |
| [redacted] | 3/23/2023 | [redacted] | Q4236 | Unfavorable |

## ORDER

The Medicare Contractor is **DIRECTED** to process the claim in accordance with this decision.

**SO ORDERED**

Robert S. Fisher
Administrative Law Judge

DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) / DEPARTMENTAL APPEALS BOARD Form DAB-101 (12/19)

**REQUEST FOR REVIEW OF ADMINISTRATIVE LAW JUDGE (ALJ) MEDICARE DECISION / DISMISSAL**

| | |
|---|---|
| 1. APPELLANT (the party requesting review) | 2. ALJ APPEAL NUMBER (on the decision or dismissal) |
| 3. BENEFICIARY* | 4. MEDICARE NUMBER (Health Insurance Claim Number (HICN) or Medicare Beneficiary Identifier (MBI))* |

*If the request involves multiple claims or multiple beneficiaries, attach a list of beneficiaries, Medicare numbers, and any other information to identify all claims being appealed.

| | |
|---|---|
| 5. PROVIDER, PRACTITIONER, OR SUPPLIER | 6. SPECIFIC ITEM(S) OR SERVICE(S) |

7. Medicare claim type: ☐ Part A ☐ Part B ☐ Part C - Medicare Advantage
☐ Part D - Medicare Prescription Drug Plan ☐ Entitlement/enrollment for Part A or Part B

8. Does this request involve authorization for an item or service that has not yet been furnished?
☐ Yes If Yes, skip to Block 9.
☐ No If No, Specific Dates of Service:

9. If the request involves authorization for a prescription drug under Medicare Part D, would application of the standard appellate timeframe seriously jeopardize the beneficiary's life, health, or ability to regain maximum function (as documented by a physician) such that expedited review is appropriate? ☐ Yes ☐ No

I request that the Medicare Appeals Council review the ALJ's ☐ decision or ☐ dismissal order [check one] dated__________________________. I disagree with the ALJ's action because (specify the parts of the ALJ's decision or dismissal you disagree with and why you think the ALJ was wrong):

____________________________________________________

____________________________________________________

____________________________________________________

____________________________________________________

(Attach additional sheets if you need more space)

**PLEASE ATTACH A COPY OF THE ALJ DECISION OR DISMISSAL ORDER YOU ARE APPEALING.**

| | | | | | |
|---|---|---|---|---|---|
| DATE | | | DATE | | |
| APPELLANT'S NAME (the party requesting review) | | | REPRESENTATIVE'S NAME (include signed appointment of representative if not already submitted) | | |
| ADDRESS | | | ADDRESS | | |
| CITY, STATE, ZIP CODE | | | CITY, STATE, ZIP CODE | | |
| TELEPHONE NUMBER | FAX NUMBER | E-MAIL | TELEPHONE NUMBER | FAX NUMBER | E-MAIL |

(SEE FURTHER INSTRUCTIONS ON PAGE 2)

If you have additional evidence, submit it with this request for review. If you need more time, you must request an extension of time in writing now, explaining why you are unable to submit the evidence or legal argument now.

*If you are a provider, supplier, or a beneficiary represented by a provider or supplier, and your case was reconsidered by a Qualified Independent Contractor (QIC), the Medicare Appeals Council will not consider new evidence related to issues the QIC has already considered unless you show that you have a good reason for submitting it for the first time to the Medicare Appeals Council.*

**IMPORTANT: Include the HICN or MBI and ALJ Appeal Number on any letter or other material you submit.**

This request must be received within 60 calendar days after you receive the ALJ's decision or dismissal, unless we extend the time limit for good cause. We assume you received the decision or dismissal 5 calendar days after it was issued, unless you show you received it later. If this request will not be received within 65 calendar days from the date on the decision or dismissal order, please explain why on a separate sheet.

---

You must file your request for review in writing with the Medicare Appeals Council at:

Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

You may send the request for review by U.S. Mail, a common carrier such as FedEx, or by fax to (202) 565-0227. If you send a fax, please do not also mail a copy. ***You must send a copy of your appeal to the other parties and indicate that all parties, to include all beneficiaries, have been copied on the request for review. For claims involving multiple beneficiaries, you may submit a copy of the cover letters issued or a spreadsheet of the beneficiaries and addresses who received a copy of the request for review.***

If you have any questions about your request for review or wish to request expedited review of a claim involving authorization of your prescription drug under Medicare Part D, you may call the Medicare Appeals Council's staff in the Medicare Operations Division of the Departmental Appeals Board at (202) 565-0100. You may also visit our web site at www.hhs.gov/dab for additional information on how to file your request for review.

---

## PRIVACY ACT STATEMENT

The collection of information on this form is authorized by the Social Security Act (section 205(a) of title II, section 702 of title VII, section 1155 of Title XI, and sections 1852(g)(5), 1869(b)(1), 1871, 1872, and 1876(c)(5)(B) of title XVIII, as appropriate). The information provided will be used to further document your claim. Information requested on this form is voluntary, but failure to provide all or any part of the requested information may affect the determination of your claim. Information you furnish on this form may be disclosed by the Department of Health and Human Services or the Social Security Administration to another person or governmental agency only with respect to programs under the Social Security Act and to comply with Federal laws requiring the disclosure of information or the exchange of information between the Department of Health and Human Services, the Social Security Administration, or other agencies.

**Exhibit B**

**Department of Health and Human Services**
**OFFICE OF MEDICARE HEARINGS AND APPEALS**
**Cleveland, OH**

| | |
|---|---|
| Appeal of: **APRIL E LOPEZ FNP-BC LLC** | OMHA Appeal No.: **3-14286864182** |
| Beneficiary: **Multiple** | Medicare Part: **B** |
| Medicare No.: **Multiple** | Before: **Robert S. Fisher**<br>Administrative Law Judge |

Index of the Administrative Record and Exhibit List

| **Exhibit Record** | **Administrative File Reference** File Name | | Page Range |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

| **Non-Exhibit Record** | **Administrative File Reference** File Name | | Page Range |
|---|---|---|---|
| Records not considered: Duplicate evidence | File 13 | 1 | : 4 |

Exhibit B

Index of the Administrative Record and Exhibit List

| Exhibit Records for beneficiary [redacted] | Administrative File Reference File Name | Page Range | |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

**Exhibit B**

Index of the Administrative Record and Exhibit List

| **Exhibit Records for beneficiary** [redacted] | **Administrative File Reference** File Name | | Page Range |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

Exhibit B

Index of the Administrative Record and Exhibit List

| Exhibit Records for beneficiary [redacted] | Administrative File Reference | | |
|---|---|---|---|
| | File Name | Page Range | |
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

**Exhibit B**

Index of the Administrative Record and Exhibit List

| **Exhibit Records for beneficiary** [redacted] | **Administrative File Reference** File Name | | Page Range |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

**Exhibit B**

Index of the Administrative Record and Exhibit List

| **Exhibit Records for beneficiary** [redacted] | File Name | **Administrative File Reference** Page Range | |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

**Exhibit B**

Index of the Administrative Record and Exhibit List

| **Exhibit Records for beneficiary** [redacted] | **Administrative File Reference** File Name | Page Range |
|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 : 1 |

**To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.**

**Exhibit B**

Index of the Administrative Record and Exhibit List

**Exhibit Records for beneficiary** [redacted]

| | File Name | Administrative File Reference Page Range | |
|---|---|---|---|
| Medical & Related: Medical Records | File 11 | 1 | : 4690 |
| Procedural - CMS Levels: Additional Information | File 10 | 1 | : 3 |
| Procedural - CMS Levels: QIC Acknowledgement Letter | File 12 | 1 | : 4 |
| Procedural - CMS Levels: Claim information | File 15 | 1 | : 32922 |
| Procedural - CMS Levels: Additional Information | File 16 | 1 | : 1 |
| Procedural - CMS Levels: Reconsideration Decision | File 5 | 1 | : 38 |
| Procedural - CMS Levels: Reconsideration Decision: Representative | File 6 | 1 | : 19 |
| Procedural - CMS Levels: Escalation of Reconsideration | File 7 | 1 | : 4 |
| Procedural - CMS Levels: Appeal Request and Additional Documentation | File 8 | 1 | : 3471 |
| Procedural - CMS Levels: Reconsideration Decision | File 9 | 1 | : 19 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 1 | 1 | : 89 |
| Procedural - OMHA Level: Notice of Hearing | File 14 | 1 | : 9 |
| Procedural - OMHA Level: Notice of Hearing - AMENDED: AMD NOH 02-25-25 | File 17 | 1 | : 17 |
| Procedural - OMHA Level: Signed decision | File 19 | 1 | : 9 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 2 | 1 | : 219 |
| Procedural - OMHA Level: Report of contact | File 3 | 1 | : 2 |
| Procedural - OMHA Level: Request for ALJ Hearing: Supplemental | File 4 | 1 | : 1 |
| Proceeding (Audios): Hearing audio: Hearing Audio 02-25-25 | File 18 | 1 | : 1 |

To protect beneficiary privacy, names and references to other individuals have been removed from the beneficiary copies of the Administrative Record and Exhibit List.

## ATTACHMENT A

| Beneficiary Name | Medicare No. | Date(s) of Service |
|---|---|---|
| [redacted] | [redacted] | 11/11/2022 - 01/31/2023 |
| | | 10/11/2022 - 10/11/2022 |
| | | 03/23/2023 - 03/23/2023 |
| | | 11/16/2022 - 11/16/2022 |
| | | 03/07/2023 - 04/19/2023 |
| | | 10/11/2022 - 10/11/2022 |
| | | 02/09/2023 - 04/21/2023 |