# Complaint Exhibit 22

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 17, 2024
In Any Inquiry Refer To
4424298255050
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220900218
Service Date
April 4, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 36 units) and dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for four units).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted] Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm
Date(s) of Service: April 04, 2023

Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 36 units) and dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for four units)

A claim was submitted for procedure code(s) Q4262 for 36 units and Q4262-JW for four units for a total of $99,999.00. An initial determination on this claim was made on May 31, 2023. The procedure code(s) Q4262 for 36 units and Q4262-JW for four units were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, a physician attestation statement, charge sheets, wound care notes, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 36 units and Q4262-JW for four units are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for 40 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service April 4, 2023.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

Upon review, the documentation supported 36 units of HCPCS code Q4262 were provided and four units of HCPCS code Q4262 were wasted on the billed date of service. The documentation supported 40 units of HCPCS code Q4262 were rendered as billed. However, the medical records did not support the beneficiary has failed an adequate course of more conservative wound care options. Therefore, the documentation did not support 40 units of HCPCS code Q4262 were medically reasonable and necessary.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

**Reconsideration Request Form**

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN / DCN, if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ______________________________

5a. Telephone Number of the Person Appealing: ______________________________

5b. Email Address of the Person Appealing: ______________________________

6. Item or service you wish to appeal: ______________________________

7. Date of the service: From ______________ To ______________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ______________________________
______________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ______________________________

12. Date: ______________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 17, 2024
In Any Inquiry Refer To
4424298255030
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220303030
Service Date
April 11, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 40 units).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted] Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm
Date(s) of Service: April 11, 2023
Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 40 units)

A claim was submitted for procedure code(s) Q4262 for 40 units for a total of $99,999.00. An initial determination on this claim was made on June 06, 2023. The procedure code(s) Q4262 for 40 units were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, wound care notes, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 40 units are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for 40 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service April 11, 2023.

Upon review, the documentation supported 30 units of HCPCS code Q4262 were provided on the billed date of service. However, the medical records did not support the beneficiary has failed an adequate course of more conservative wound care options. Therefore, the documentation did not support 30 units of HCPCS code Q4262 were medically reasonable and necessary.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

The Centers for Medicare & Medicaid Services (CMS) Internet Only Manual (IOM), Publication 100-4, Medicare Claims Processing Manual (MCPM), Chapter 17, Section 40 establishes Medicare expects providers to care for and administer drugs and biologicals to patients in such a way that they can use drugs or biologicals most efficiently, in a clinically appropriate manner. Providers must record the discarded amounts of drugs and biologicals in the patient's medical record and use modifier JW to bill the discarded amount.

Upon review, the documentation did not support 10 additional units of HCPCS code Q4262 were provided as billed. The records indicated 10 units of HCPCS code Q4262 were wasted; however, the billing did not

support the discarded amount. Therefore, the documentation did not support 10 additional units of HCPCS code Q4262 were rendered as billed.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. In addition, the decision was made based CMS IOM Publication 100-4, Medicare Claims Processing Manual (MCPM), Chapter 17, Section 40. The IOM can be found online at www.cms.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

**Reconsideration Request Form**

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN / DCN, if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ______________________________

5a. Telephone Number of the Person Appealing: ______________________________

5b. Email Address of the Person Appealing: ______________________________

6. Item or service you wish to appeal: ______________________________

7. Date of the service: From ______________ To ______________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ______________________________

______________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ______________________________

12. Date: ______________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 18, 2024
In Any Inquiry Refer To
4424298255070
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220900219
Service Date
April 18, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 27 units) and dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for 13 units).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted]. Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm
Date(s) of Service: April 18, 2023

Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 27 units) and dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for 13 units)

A claim was submitted for procedure code(s) Q4262 for 27 units and Q4262-JW for 13 units for a total of $99,999.00. An initial determination on this claim was made on May 30, 2023. The procedure code(s) Q4262 for 27 units and Q4262-JW for 13 units were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, wound care notes, visit notes, charge sheets, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 27 units and Q4262-JW for 13 units are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for 40 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service April 18, 2023.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act—will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

Upon review, the documentation supported 27 units of HCPCS code Q4262 were provided and 13 units of HCPCS code Q4262 were wasted on the billed date of service. However, the medical records did not support the beneficiary has failed an adequate course of more conservative wound care options. Therefore, the documentation did not support 40 units of HCPCS code Q4262 were medically reasonable and necessary.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

## Reconsideration Request Form

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN / DCN, if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ______________________________

5a. Telephone Number of the Person Appealing: ______________________________

5b. Email Address of the Person Appealing: ______________________________

6. Item or service you wish to appeal: ______________________________

7. Date of the service: From ________________ To ________________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ______________________________
______________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ______________________________

12. Date:________________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 18, 2024
In Any Inquiry Refer To
4424298255010
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220900220
Service Date
May 2, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 24 units).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted] Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm
Date(s) of Service: May 02, 2023
Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 24 units)

CMS CENTERS FOR MEDICARE & MEDICAID SERVICES

A claim was submitted for procedure code(s) Q4262 for 24 units for a total of $72,000.00. An initial determination on this claim was made on June 06, 2023. The procedure code(s) Q4262 for 24 units were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, wound care notes, visit notes, charge sheets, invoices, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 24 units are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for 24 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service May 2, 2023.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

Upon review, the documentation supported 24 units of HCPCS code Q4262 were provided on the billed date of service. However, the medical records did not support the beneficiary has failed an adequate course of more conservative wound care options. Therefore, the documentation did not support 24 units of HCPCS code Q4262 were medically reasonable and necessary.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the

provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

## Reconsideration Request Form

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN / DCN, if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ______________________________

5a. Telephone Number of the Person Appealing: ______________________________

5b. Email Address of the Person Appealing: ______________________________

6. Item or service you wish to appeal: ______________________________

7. Date of the service: From ______________ To ______________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ______________________________
______________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ______________________________

12. Date: ______________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 18, 2024
In Any Inquiry Refer To
4424298255060
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220900222
Service Date
May 16, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 29 units), dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for three units), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 sq cm or less of wound 100.0 sq cm or less (procedure code 15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq cm of wound 100.0 sq cm or less (procedure code 15272).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted]. Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm

CMS

Date(s) of Service: May 16, 2023
Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 29 units), dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for three units), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 sq cm or less of wound 100.0 sq cm or less (procedure code 15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq cm of wound 100.0 sq cm or less (procedure code 15272)

A claim was submitted for procedure code(s) Q4262 for 29 units, Q4262-JW for three units, 15271 and 15272 for a total of $96,360.00. An initial determination on this claim was made on June 07, 2023. The procedure code(s) Q4262 for 29 units, Q4262-JW for three units, 15271 and 15272 were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, wound care notes, visit notes, charge sheets, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 29 units, Q4262-JW for three units, 15271 and 15272 are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for one unit of Current Procedural Terminology (CPT) code 15271 - application of skin substitute graft to trunk, arms, legs, total wound surface area up to 100 square centimeters; first 25 square centimeters or less wound surface area, one unit of CPT code 15272 - application of skin substitute graft to trunk, arms, legs, total wound surface area up to 100 square centimeters; each additional 25 square centimeters wound surface area, or part thereof, and 32 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service May 16, 2023.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

Upon review, the documentation supported 29 units of HCPCS code Q4262 were provided and three units of HCPCS code Q4262 were wasted on the billed date of service. However, the documentation did not support the beneficiary has failed more conservative wound care options. Therefore, the documentation did not support the 32 units of HCPCS code Q4262 were medically reasonable and necessary.

Per the Centers for Medicare & Medicaid Services (CMS) Internet Only Manual (IOM), Publication 100-2, Medicare Benefit Policy Manual, Chapter 16, Section 180, services related to non-covered services are not payable by Medicare. Given that the services billed with HCPCS code Q4262 was denied as not reasonable and necessary, any billed services associated with the denied service are also denied. Therefore, CPT codes 15271 and 15272 are related to a non-covered service and therefore not medically reasonable and necessary.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. In addition, the decision was made based CMS IOM Publication 100-2, Medicare Benefit Policy Manual, Chapter 16, Section 180. The IOM can be found online at www.cms.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

# Reconsideration Request Form

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ______________________________

2a. Medicare Number: ______________________________

2b. Claim Number (ICN / DCN, if available): ______________________________

3. Provider Name: ______________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ______________________________

5a. Telephone Number of the Person Appealing: ______________________________

5b. Email Address of the Person Appealing: ______________________________

6. Item or service you wish to appeal: ______________________________

7. Date of the service: From ________________ To ________________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ______________________________
______________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ______________________________

12. Date: ________________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202

WPS GOVERNMENT HEALTH ADMINISTRATORS

Wisconsin Physicians Service Insurance Corporation
A CMS Medicare Contractor
1717 W. Broadway | P.O. Box 1787 | Madison, WI 53701-1787

BRIAN G. LODER DPM PLC
15760 19 MILE RD
CLINTON TOWNSHIP, MI 48038-6319

December 18, 2024
In Any Inquiry Refer To
4424298255020
Health Insurance Claim Number
[redacted]
Internal Control Number
1324220900224
Service Date
May 23, 2023
Service Provided By
BRIAN G. LODER DPM PLC
Service Provided To
[redacted]

Dear Brian G. Loder Dpm Plc,

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the dual layer impax membrane, per square centimeter (procedure code Q4262 for 28 units), dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for four units), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 sq cm or less of wound 100.0 sq cm or less (procedure code 15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq cm of wound 100.0 sq cm or less (procedure code 15272).

The appeal decision is unfavorable. Medicare cannot make payment for the service(s) at issue in your appeal.

More information on the decision is provided below. If you disagree with the decision, you may appeal to a Qualified Independent Contractor (QIC). Your appeal of this decision must be made in writing and received by the QIC within 180 days of receipt of this letter. You are presumed to have received this decision five days from the date of the letter unless there is evidence to show otherwise. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to appeal this decision, see the section at the end of this letter entitled, "Important Information about Your Appeal Rights".

A copy of this letter was also sent to [redacted]. Wisconsin Physicians Service was contracted by Medicare to review your appeal.

SUMMARY OF THE FACTS

Provider: Brian G. Loder Dpm

Date(s) of Service: May 23, 2023
Type of Service: Dual layer impax membrane, per square centimeter (procedure code Q4262 for 28 units), dual layer impax membrane, per square centimeter - drug amount discarded/not administered to any patient (procedure code Q4262-JW for four units), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 sq cm or less of wound 100.0 sq cm or less (procedure code 15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq cm of wound 100.0 sq cm or less (procedure code 15272)

A claim was submitted for procedure code(s) Q4262 for 28 units, Q4262-JW for four units, 15271 and 15272 for a total of $96,360.00. An initial determination on this claim was made on June 23, 2023. The procedure code(s) Q4262 for 28 units, Q4262-JW for four units, 15271 and 15272 were paid. An overpayment letter dated August 12, 2024, was issued because this is not deemed a medical necessity by Medicare. On October 24, 2024, we received a request for a redetermination. A copy of the overpayment letter, progress notes, a physician attestation statement, charge sheets, wound care notes, pathology reports, and literature about tissue allograft were submitted with the redetermination request.

DECISION

We have determined that the procedure code(s) Q4262 for 28 units, Q4262-JW for four units, 15271 and 15272 are not covered by Medicare. We have also determined that the provider is responsible for the cost of the service(s).

EXPLANATION OF THE DECISION

This redetermination decision has been rendered based upon the review of the documentation by our medical staff.

The Social Security Act (SSA) 1862(a)(1)(A) directs no payment shall be made for any expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

A claim was submitted for one unit of Current Procedural Terminology (CPT) code 15271 - application of skin substitute graft to trunk, arms, legs, total wound surface area up to 100 square centimeters; first 25 square centimeters or less wound surface area, one unit of CPT code 15272 - application of skin substitute graft to trunk, arms, legs, total wound surface area up to 100 square centimeters; each additional 25 square centimeters wound surface area, or part thereof, and 32 units of Health Care Procedure Coding System (HCPCS) code Q4262 - dual layer impax membrane, per square centimeter for date of service May 23, 2023.

The Social Security Act, section 1156 (a) (1-3) states "It shall be the obligation of any health care practitioner and any other person (including a hospital or other health care facility, organization, or agency) who provides health care services for which payment may be made (in whole or in part) under this Act, to assure, to the extent of his authority that services or items ordered or provided by such practitioner or person to beneficiaries and recipients under this Act will be provided economically and only when, and to the extent, medically necessary; will be of a quality which meets professionally recognized standards of health care; and will be supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing quality improvement organization in the exercise of its duties and responsibilities.

Upon review, the documentation supported 28 units of HCPCS code Q4262 were provided and four units of HCPCS code Q4262 were wasted on the billed date of service. However, the documentation did not support the beneficiary has failed more conservative wound care options. Therefore, the documentation did not support the 32 units of HCPCS code Q4262 were medically reasonable and necessary.

Per the Centers for Medicare & Medicaid Services (CMS) Internet Only Manual (IOM), Publication 100-2, Medicare Benefit Policy Manual, Chapter 16, Section 180, services related to non-covered services are not payable by Medicare. Given that the services billed with HCPCS code Q4262 was denied as not reasonable and necessary, any billed services associated with the denied service are also denied. Therefore, CPT codes 15271 and 15272 are related to a non-covered service and therefore not medically reasonable and necessary.

This redetermination decision has been made based on the Social Security Acts, which are available on the Internet at www.socialsecurity.gov. In addition, the decision was made based CMS IOM Publication 100-2, Medicare Benefit Policy Manual, Chapter 16, Section 180. The IOM can be found online at www.cms.gov. If you do not have access to the Internet, you may request a copy of the regulation used in our findings by calling us toll free at 1-866-234-7331.

WHO IS RESPONSIBLE FOR THIS BILL?

After determining that the item(s) or service(s) will not be covered by Medicare, we must determine who is financially liable for the denied item(s) or service(s). When an item or service is denied under 1862(a)(1), 1862(a)(9), or 1879(g) of the Social Security Act (the Act), we must determine if the beneficiary and the provider either knew or could reasonably be expected to know that the item(s) or service(s) would not be covered. This is known as the limitation on liability provision of 1879 of the Act.

If the beneficiary was informed by their provider in writing in advance of receiving the service(s) that Medicare may not make payment (through receipt of an Advanced Beneficiary Notice (ABN), the beneficiary may be responsible for the cost of the denied item(s) or service(s). If the provider knew or could reasonably be expected to know the item(s) or service(s) would not be covered, but the beneficiary did not have such knowledge, then the provider may be responsible for the cost of the denied item(s) or service(s).

There is no evidence to indicate that the provider notified the beneficiary in advance that the service(s) would not be covered by Medicare. Therefore, we have determined that the beneficiary did not know and could not reasonably have been expected to know that the service(s) would not be covered.

In addition, we have determined that the provider either knew or could reasonably be expected to know that the service(s) would not be covered by Medicare. Based on the coverage limitations explained in the Social Security Acts, the provider knew or should have known the item(s) provided would not be covered.

Since the provider has been determined to have had knowledge of the non-covered service(s), the provider is liable for the cost of the denied service(s). The provider may not bill the beneficiary for the cost of the denied service(s), and must refund any monies collected from the beneficiary.

The overpayment for these service(s) stands and the refund is due to Medicare. The overpayment letter dated August 12, 2024, instructs the provider on the process for refund. If the provider has not already sent the refund and the money owed is not refunded timely, interest will be applied.

We have also determined under Section 1870 of the Social Security Act that you are not without fault in regards to this overpayment. We have determined that you are liable because you were informed about Medicare coverage and billing guidelines in the references noted in the "Explanation of Decision" section of this letter. Therefore, you were aware of correct billing and coverage criteria for the service(s) billed.

WHAT TO INCLUDE IN YOUR REQUEST FOR AN INDEPENDENT APPEAL

Please submit the following documents with your request for an appeal: additional documentation to support the service(s) billed as described above. You may submit any documentation pertinent to the service(s) and/or any information not provided thus far that you believe Medicare needs to make another decision about this claim.

NOTE: (Medicare physicians, providers, and suppliers ONLY) Any additional evidence as indicated in this section should be submitted with the request for reconsideration. All evidence must be presented before the reconsideration decision is issued. If all additional evidence as indicated above and/or otherwise is not submitted prior to issuance of the reconsideration decision, you will not be able to submit any new evidence to the administrative law judge or the Medicare Appeals Council unless you can demonstrate good cause for withholding the evidence from the qualified independent contractor.

NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Dawn Bailey
Claims Representative II

cc: [redacted]

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**Your Right to Appeal this Decision:** If you do not agree with this decision, you may file an appeal. An appeal is a review performed by people independent of those who have reviewed your claim so far. The next level of appeal is called reconsideration. A reconsideration is a new and impartial review performed by a qualified independent contractor (QIC), separate and independent of Wisconsin Physicians Service.

**How to Appeal:** To exercise your right to an appeal, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of receiving this decision. You are presumed to have received this decision five days after the date of the letter unless there is evidence to show otherwise. If you are unable to file your appeal request timely, please explain why you could not meet the filing deadline. You may request an appeal by using the form enclosed with this letter.

If you do not use this form, you can write a letter. You must include: your name, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Wisconsin Physicians Service made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form, or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file an appeal, send your request to:

C2C Innovative Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

**Who May File an Appeal:** You or someone you name to act for you (your appointed representative) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1696.pdf to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions CMS used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

IA
WPS Medicare Part B
General Correspondence
P.O. Box 8850
Madison, WI 53708-8550

KS
WPS Medicare Part B
General Correspondence
P.O. Box 7238
Madison, WI 53707-7238

MO
WPS Medicare Part B
General Correspondence
P.O. Box 14260
Madison, WI 53708-0260

NE
WPS Medicare Part B
General Correspondence
P.O. Box 8667
Madison, WI 53708-8667

IN
WPS Medicare Part B
General Correspondence
P.O. Box 8580
Madison, WI 53708-8580

MI
WPS Medicare Part B
General Correspondence
P.O. Box 8939
Madison, WI 53708-8939

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals.

For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

**Reconsideration Request Form**

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. At a minimum, you must complete/include information for items 1, 2a, 6, 7, 11, & 12, but to help us serve you better, please include a copy of the redetermination notice with your request.

C2C Solutions - QIC Part B North
P O Box 45208
Jacksonville, FL 32232-5208

1. Name of Beneficiary: ________________________________

2a. Medicare Number: ________________________________

2b. Claim Number (ICN / DCN, if available): ____________________

3. Provider Name: ________________________________

4. Person Appealing: ☐Beneficiary ☐Provider of Service ☐Representative

5. Address of the Person Appealing: ________________________

5a. Telephone Number of the Person Appealing: ____________________

5b. Email Address of the Person Appealing: ____________________

6. Item or service you wish to appeal: ________________________

7. Date of the service: From ______________ To ______________

8. Does this appeal involve an overpayment? ☐Yes ☐No
*Please include a copy of the demand letter (*if applicable*) with your request.

9. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary.) ________________________________

________________________________________________

10. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
☐ Medical Records ☐ Office Records/Progress Notes
☐ Copy of the Claim ☐Treatment Plan ☐ Certificate of Medical Necessity

11. Name of Person Appealing: ________________________________

12. Date:________________

MAC J5 Contractors: Iowa = 05102, Missouri = 05302,
Kansas = 05202 and Nebraska = 05402.
MAC J8 Contractors: Indiana = 08102, Michigan = 08202