# Complaint Exhibit 24

WPDM1400 - 000871 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989731**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: [redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) May 02, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 18, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  24.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/02/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/02/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square centimeter (Q4262) at issue was submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of the right ankle with fat layer exposed as well as a non-pressure chronic ulcer of left ankle with fat layer exposed. The physician applied the dual layer Impax membrane to the wounds. The progress notes provided state the beneficiary was previously

treated with compression therapy of Unna boots, hyperbaric oxygen (HBO) therapy and long term antibiotics. However, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259989731**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 05/02/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 05/02/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ**.* A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227).
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.

WPDM1400 - 000863 - 001 OF 005

**Medicare Appeal Number:**

**1-15259931669**

May 21, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

WPDM1400 - 000863 - 002 OF 005

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 04, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 17, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  40.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/04/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/04/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/04/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square centimeter (Q4262) at issue was submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of the right ankle with fat layer exposed as well as a non-pressure chronic ulcer of left ankle with fat layer exposed. The physician applied the dual layer

Impax membrane to the wounds. The progress notes provided state the beneficiary was previously treated with compression therapy of Unna boots, hyperbaric oxygen (HBO) therapy and long term antibiotics. However, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259931669**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | BRIAN G. LODER DPM PLC |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 04/04/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/04/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/04/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

WPDM1400 - 000863 - 004 OF 005

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000865 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989707**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 11, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 17, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  40.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/11/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/11/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/11/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square centimeter (Q4262) at issue was submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of the right ankle with fat layer exposed as well as a non-pressure chronic ulcer of left ankle with fat layer exposed. The physician applied the dual layer

Impax membrane to the wounds. The progress notes provided state the beneficiary was previously treated with compression therapy of Unna boots, hyperbaric oxygen (HBO) therapy and long term antibiotics. However, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

**Other Important Information**

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259989707**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 04/11/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/11/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/11/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

WPDM1400 - 000865 - 004 OF 005

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000865 - 005 OF 005

WPDM1400 - 000867 - 005 OF 005

WPDM1400 - 000867 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989715**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY [redacted]
MED ID#: ****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 18, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 18, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  40.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/18/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/18/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (04/18/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square centimeter (Q4262) at issue was submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of the right ankle with fat layer exposed as well as a non-pressure chronic ulcer of left ankle with fat layer exposed. The physician applied the dual layer

WPDM1400 - 000867 - 003 OF 005

Impax membrane to the wounds. The progress notes provided state the beneficiary was previously treated with compression therapy of Unna boots, hyperbaric oxygen (HBO) therapy and long term antibiotics. However, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259989715**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 04/18/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/18/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 04/18/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

WPDM1400 - 000867 - 004 OF 005

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of* ***1/1/2025****, you must have* ***$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.

**Medicare Appeal Number:**

**1-15259931569**



May 21, 2025

**BRIAN G LODER DPM PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY [redacted]
MED ID#: ****[redacted]
APPELLANT: BRIAN G. LODER D.P.M. PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) May 16, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 18, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  2.0 units of Integumentary/Musculoskeletal Surgery Services
  32.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | 1324220900222 | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/16/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/16/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/16/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (05/16/2023) |
| | | 15272: Skin Sub Graft T/A/L Add-On - (05/16/2023) |

We have determined that the provider is responsible for the denied charges.

**Explanation of the Decision**

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act)]

Items and services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member are not covered, e.g., payment cannot be made for the rental of a special hospital bed to be used by the patient in their home unless it was a reasonable and necessary part of the beneficiary's treatment. [The Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria: It is safe and effective; It is not experimental or investigational; and it is appropriate, including the duration and frequency in terms of whether the service or item is: furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member; furnished in a setting appropriate to the beneficiary's medical needs and condition; Ordered and furnished by qualified personnel; and, one that meets, but does not exceed, the beneficiary's medical need. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. Under the Federal Claims Collection Act of 1966, as amended, each agency of the Federal Government (pursuant to regulations jointly promulgated by the Attorney General and the Comptroller General of the U.S.) must attempt collection of claims of the Federal Government for money arising out of the activities of the agency. The Fiscal Intermediary (FI) or Contractor will not be liable for overpayments it makes to debtors in the absence of fraud or gross negligence on its part; however, once an intermediary or carrier determines an overpayment has been made, it must attempt recovery of overpayments in accordance with the CMS regulations. The Federal Claims Collection Act requires timely and aggressive efforts to recover overpayments, including efforts to locate the debtor where necessary, demands for repayment, and establishment of repayment schedules, suspension of interim payments by intermediaries to institutional providers, and recoupment or setoff, where appropriate. In addition, the Debt Collection Improvement Act of 1996 requires Federal agencies to refer eligible delinquent debt to a Treasury designated Debt Collection Center (DCC) for cross servicing and offset. CMS is mandated to refer all eligible debt over

180 days delinquent for cross servicing and offset. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The above-noted services, dual layer impax membrane, per square centimeter (procedure code Q4262 for 29 units), dual layer impax membrane, per square centimeter (sq. cm) - drug amount discarded/not administered to any patient (procedure code Q4262-JW for three units), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 sq. cm or less of wound 100.0 sq. cm or less (procedure code 15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq. cm of wound 100.0 sq. cm or less (procedure code 15272), at issue were submitted for payment and denied. An overpayment was discovered and a notification was sent to the provider. Upon redetermination, an unfavorable decision was made because the documentation was insufficient to support medical necessity for the appealed service. The documentation did not support the beneficiary has failed more conservative wound care options. In regards to procedure code 15271 and 15272, since the primary procedure is not allowed; the related services cannot be paid. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced herein.

A reconsideration request was submitted to appeal the denial of the above services. The QIC has reviewed the case file and evidence submitted by the appellant. The medical records support Artacent was used but this is considered an amniotic fluid allograft, which is not covered by Medicare. In review of the documentation provided the beneficiary was evaluated for advanced wound therapy for multiple non-healing ulcers. However, the documentation does not support medical necessity for advanced wound care. The medical records contain visit notes as well as a letter, which documents the baseline assessment as well as trialed conservative treatment. The documentation contains the amount of product used and wasted. However, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. In addition, since the primary procedure is not allowed; the related services cannot be paid. The overpayment is valid.

In conclusion, the decision of the QIC is unfavorable

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not

reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000855 - 004 OF 005

**Medicare Appeal Number:**

**1-15259931569**

## Appeal Details

| **Beneficiary** | [redacted] |
|---|---|
| **Provider** | **BRIAN G. LODER DPM PLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 05/16/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 05/16/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 05/16/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 05/16/2023 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Unfavorable |
| | 05/16/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.

WPDM1400 - 000855 - 005 OF 005

WPDM1400 - 000857 - 001 OF 005

**Medicare Appeal Number:**

**1-15259931577**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

WPDM1400 - 000857 - 002 OF 005

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) May 23, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 18, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  2.0 units of Integumentary/Musculoskeletal Surgery Services
  32.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/23/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/23/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (05/23/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (05/23/2023) |
| | | 15272: Skin Sub Graft T/A/L Add-On - (05/23/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A) of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. Under the Federal Claims Collection Act of 1966, as amended, each agency of the Federal Government (pursuant to regulations jointly promulgated by the Attorney General and the Comptroller General of the U.S.) must attempt collection of claims of the Federal Government for money arising out of the activities of the agency. The Fiscal Intermediary (FI) or Contractor will not be liable for overpayments it makes to debtors in the absence of fraud or gross negligence on its part; however, once an intermediary or carrier determines an overpayment has been made, it must attempt recovery of overpayments in accordance with the CMS regulations. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM. Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The services, dual layer impax membrane, per square centimeter (Q4262), application of skin substitute graft to wound of trunk, arms, or legs, 25.0 square centimeter (sq cm) or less of wound 100.0 sq cm or less (15271), and application of skin substitute graft to wound of trunk, arms, or legs, each additional 25.0 sq cm of wound 100.0 sq cm or less (15272) at issue were submitted for payment and allowed. An overpayment was discovered and a notification was sent to the provider. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary has failed

more conservative wound care options. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s) and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. In this instance, the documentation provided supports the beneficiary is being seen and treated for bilateral lateral lower leg (ankle) wound care. However, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. The overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000857 - 004 OF 005

**Medicare Appeal Number:**

**1-15259931577**

## Appeal Details

| **Beneficiary** | [redacted] |
|---|---|
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 05/23/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 05/23/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 05/23/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 05/23/2023 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Unfavorable |
| | 05/23/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

WPDM1400 - 000875 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989755**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 24, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 11, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  4.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/24/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/24/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (08/24/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, dual layer Impax membrane, per square centimeter (Q4262) and application of skin substitute graft (15275) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

WPDM1400 - 000875 - 003 OF 005

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of left lower leg with fat layer exposed. The physician applied the dual layer Impax membrane to the wound. The progress notes provided state the beneficiary was treated with compression therapy from an Unna boot on the affected leg. However, the documentation does not support the beneficiary has failed an adequate course of more conservative wound care options. Additionally, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259989755**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 08/24/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 08/24/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 08/24/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227).
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000873 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989747**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**Medicare Reconsideration Decision**

RE:

BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 17, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 11, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  4.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/17/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/17/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (08/17/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, dual layer Impax membrane, per square centimeter (Q4262) and application of skin substitute graft (15271) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor (UPIC) determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made because the documentation did not support the beneficiary had failed an adequate course of more conservative wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

WPDM1400 - 000873 - 003 OF 005

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The medical record reflects the beneficiary presented with a non-pressure chronic ulcer of left lower leg with fat layer exposed. The physician applied the dual layer Impax membrane to the wound. The progress notes provided state the beneficiary was treated with compression therapy from an Unna boot on the affected leg. However, the documentation does not support the beneficiary has failed an adequate course of more conservative wound care options. Additionally, the QIC finds that dual layer Impax membrane is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

WPDM1400 - 000873 - 004 OF 005

**Medicare Appeal Number:**

**1-15259989747**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 08/17/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 08/17/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 08/17/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000877 - 001 OF 005

**Medicare Appeal Number:**

**1-15259989763**

May 21, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**BRIAN G LODER DPM PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY [redacted]
MED ID#: ****[redacted]
APPELLANT: BRIAN G. LODER D.P.M. PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 31, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 10, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  4.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/31/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/31/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (08/31/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, Impax Dual Layer Membrane, per square centimeter (Q4262) and application of skin substitute graft (15271) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made regarding procedure code Q4262 because the documentation did not support the beneficiary had failed less expensive standard wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. In addition, an unfavorable decision was made regarding procedure code 15271 because any billed service associated with the denied service was also denied. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The appellant states the medical documentation submitted support the CMS requirements for coverage of procedure codes 15271 and Q4262. Wound management literature is noted. In this instance, the submitted records support the beneficiary presented with a chronic, non-pressure ulcer of the left lower leg and the application of Dual Layer Impax Membrane. However, the documentation does not support the beneficiary has failed less expensive standard wound care options. In addition, the documentation fails to provide an adequate medical rationale supporting the superiority of Impax Dual Layer Membrane over less expensive wound coverings. Additionally, any billed service associated with the denied service will also be denied. Therefore, no payment can be allowed for procedure code 15271. Furthermore, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute,

regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000877 - 004 OF 005

**Medicare Appeal Number:**

**1-15259989763**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 08/31/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 08/31/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 08/31/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ**.* A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

**Medicare Appeal Number:**

**1-15259989739**

June 20, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 03, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 11, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  - The information provided did not support the need and/or medical necessity.
  - The documentation had missing or invalid document(s).
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  - 1.0 unit of Integumentary/Musculoskeletal Surgery Services
  - 16.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  - Reconsideration Request
  - Letters/Statements
  - Supporting Literature/Documentation
  - Medical Records/Treatment Records
  - Redetermination File
  - Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/03/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (08/03/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (08/03/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Section 20]

Overpayments are Medicare payments a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:

• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,
- One that meets, but does not exceed, the beneficiary's medical need.

[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The service(s), 8 units of Q4262, 8 units of Q4262-JW [Dual Layer Impax Membrane, per square centimeter (sq cm)] and 15271 [Application of skin substitute graft to face, total wound surface area up to 100 sq cm; first 25 sq cm or less wound surface area] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) examined the services in question and determined that an overpayment was made because the documentation submitted was insufficient to support the necessity for the application of the dual-layer Impax membrane. It was noted that the documentation did not support the beneficiary failed less expensive, more conservative wound care options. It was also noted that the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive coverings. Lastly, it was noted that 15271 could not be allowed payment because it was related to a non-covered service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law, regulation and/or policy used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation available for review includes appeal letters, medical literature, wound care notes, wound assessments, billing invoices, consent forms, and progress notes. The QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, payment also cannot be allowed for the related service 15271. As such, an allowance cannot be made. The overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15259989739**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | **C. RICHARDS** |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 08/03/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 08/03/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 08/03/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

# IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of* ***1/1/2025****, you must have* ***$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227).
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000887 - 001 OF 005

**Medicare Appeal Number:**

**1-15259990031**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:

BENEFICIARY[redacted]
MED ID#: ****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) October 03, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 10, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  2.0 units of Integumentary/Musculoskeletal Surgery Services
  32.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/03/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/03/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (10/03/2023) |
| | | 15272: Skin Sub Graft T/A/L Add-On - (10/03/2023) |

We have determined that the provider is responsible for the denied charges.

**Explanation of the Decision**

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, Impax Dual Layer Membrane, per square centimeter (Q4262) and application of skin substitute graft (15271 and 15272) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made regarding procedure code Q4262 because the documentation did not support the beneficiary had failed less expensive standard wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. In addition, an unfavorable decision was made regarding procedure code 15275 because any billed service associated with the denied service was also denied. The MAC based their decision on Medicare

law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The appellant states the medical documentation submitted support the CMS requirements for coverage of procedure codes 15275 and Q4262. Wound management literature is noted. In this instance, the submitted records support the beneficiary presented with a non-pressure chronic ulcer of the right ankle and the application of Dual Layer Impax Membrane. However, the documentation does not support the beneficiary has failed less expensive standard wound care options. In addition, the documentation fails to provide an adequate medical rationale supporting the superiority of Impax Dual Layer Membrane over less expensive wound coverings. Additionally, any billed service associated with the denied service will also be denied. Therefore, no payment can be allowed for procedure code 15275. Furthermore, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

1-15259990031

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 10/03/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 10/03/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 10/03/2023 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Unfavorable |
| | 10/03/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM1400 - 000889 - 001 OF 005

**Medicare Appeal Number:**

**1-15259990039**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE RD.**
**CLINTON TOWNSHIP, MI 48038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: ******[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) October 10, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 11, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  16.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/10/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/10/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (10/10/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, Impax Dual Layer Membrane, per square centimeter (Q4262) and application of skin substitute graft (15275) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made regarding procedure code Q4262 because the documentation did not support the beneficiary had failed less expensive standard wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. In addition, an unfavorable decision was made regarding procedure code 15275 because any billed service associated with the denied service was also denied. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The appellant states the medical documentation submitted support the CMS requirements for coverage of procedure codes 15275 and Q4262. Wound management literature is noted. In this instance, the submitted records support the beneficiary presented with a non-pressure chronic ulcer of the right ankle and the application of Dual Layer Impax Membrane. However, the documentation does not support the beneficiary has failed less expensive standard wound care options. In addition, the documentation fails to provide an adequate medical rationale supporting the superiority of Impax Dual Layer Membrane over less expensive wound coverings. Additionally, any billed service associated with the denied service will also be denied. Therefore, no payment can be allowed for procedure code 15275. Furthermore, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute,

regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000889 - 004 OF 005

**Medicare Appeal Number:**
**1-15259990039**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 10/10/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 10/10/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 10/10/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.

WPDM1400 - 000891 - 001 OF 005

**Medicare Appeal Number:**

**1-15259990047**

May 21, 2025

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE RD.**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY [redacted]
MED ID#: ****[redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) October 17, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 10, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  16.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/17/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/17/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (10/17/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, Impax Dual Layer Membrane, per square centimeter (Q4262) and application of skin substitute graft (15271) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made regarding procedure code Q4262 because the documentation did not support the beneficiary had failed less expensive standard wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. In addition, an unfavorable decision was made regarding procedure code 15275 because any billed service associated with the denied service was also denied. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The appellant states the medical documentation submitted support the CMS requirements for coverage of procedure codes 15275 and Q4262. Wound management literature is noted. In this instance, the submitted records support the beneficiary presented with a non-pressure chronic ulcer of the right ankle and the application of Dual Layer Impax Membrane. However, the documentation does not support the beneficiary has failed less expensive standard wound care options. In addition, the documentation fails to provide an adequate medical rationale supporting the superiority of Impax Dual Layer Membrane over less expensive wound coverings. Additionally, any billed service associated with the denied service will also be denied. Therefore, no payment can be allowed for procedure code 15275. Furthermore, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

**Other Important Information**

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute,

regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000891 - 004 OF 005

**Medicare Appeal Number:**

**1-15259990047**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 10/17/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 10/17/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 10/17/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

<u>If you are a beneficiary or you represent a beneficiary</u>, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.

WPDM1400 - 000895 - 001 OF 005

**Medicare Appeal Number:**

**1-15259990063**

May 21, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**BRIAN G. LODER, DPM, PLC**
**15760 19 MILE ROAD**
**CLINTON TOWNSHIP, MI 48038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: ***** [redacted]
APPELLANT: BRIAN G. LODER, DPM, PLC

DEAR W. OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) October 24, 2023, for payment to Wisconsin Physicians Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, BRIAN G. LODER DPM PLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 09, 2024, Wisconsin Physicians Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On April 08, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  1.0 unit of Integumentary/Musculoskeletal Surgery Services
  16.0 units of Medical/Surgical Supplies
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File
  Statements/Forms

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/24/2023) |
| | | Q4262: Dual Layer Impax Membrane (Wound Cover), Per Sq Cm - (10/24/2023) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (10/24/2023) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare will allow payment for drugs and biologicals in certain instances. In order to meet all the general requirements for coverage under the incident-to provision, a Food and Drug Administration-approved drug or biological must: be of a form that is not usually self-administered; must be furnished by a physician; and must be administered by the physician, or by auxiliary personnel employed by the physician or under the physician's personal supervision.

The charge, if any, for the drug or biological must be included in the physician's bill, and the cost of the drug or biological must represent an expense to the physician. Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act) and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 15, Section 50 and Chapter 16, Section 20]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the beneficiary must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833(e) of the Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual, Chapter 3, Section 10]

In the absence of a specific National Coverage Determination or Local Coverage Determination for a particular item or service, a service may be considered reasonable and necessary if it is safe and effective; it is not experimental or investigational and it is appropriate, including the duration and frequency in terms of whether the service or item is furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual, Chapter 3, Section 3.6.2.2]

The services, Impax Dual Layer Membrane, per square centimeter (Q4262) and application of skin substitute graft (15275) at issue were submitted for payment and allowed. In a post-payment review, the Midwestern Unified Program Integrity Contractor determined the documentation submitted did not support medical necessity of the services. The Medicare Administrative Contractor (MAC) issued an overpayment notification. Upon redetermination, an unfavorable decision was made regarding procedure code Q4262 because the documentation did not support the beneficiary had failed less expensive standard wound care options. In addition, the documentation failed to provide an adequate medical rationale supporting the superiority of the billed product over less expensive wound coverings. In addition, an unfavorable decision was made regarding procedure code 15275 because any billed service associated with the denied service was also denied. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

WPDM1400 - 000895 - 003 OF 005

A reconsideration request was submitted to appeal the denial of the services noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The appellant states the medical documentation submitted support the CMS requirements for coverage of procedure codes 15275 and Q4262. Wound management literature is noted. In this instance, the submitted records support the beneficiary presented with a non-pressure chronic ulcer of the right ankle and the application of Dual Layer Impax Membrane. However, the documentation does not support the beneficiary has failed less expensive standard wound care options. In addition, the documentation fails to provide an adequate medical rationale supporting the superiority of Impax Dual Layer Membrane over less expensive wound coverings. Additionally, any billed service associated with the denied service will also be denied. Therefore, no payment can be allowed for procedure code 15275. Furthermore, the QIC finds that Q4262 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4262 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4262 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed for the services at issue and the overpayment is valid.

In conclusion, the decision of the QIC is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physicians Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute,

regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

WPDM1400 - 000895 - 004 OF 005

**Medicare Appeal Number:**

1-15259990063

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **BRIAN G. LODER DPM PLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 10/24/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |
| | 10/24/2023 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Unfavorable |
| | 10/24/2023 | Q4262: DUAL LAYER IMPAX MEMBRANE (WOUND COVER), PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227.