# Complaint Exhibit 28

WPDM2610 - 000323 - 001 OF 005

**Medicare Appeal Number:**

**1-15482452177**

September 19, 2025

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Medicare Reconsideration Decision**

RE:

BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR INDY WOUND CENTER C/O WILLIAM OMALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) July 02, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 29, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 28, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  20.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (07/02/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if

the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act)]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the patient must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833€ of the social Security Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Items and services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member are not covered, e.g., payment cannot be made for the rental of a special hospital bed to be used by the patient in their home unless it was a reasonable and necessary part of the beneficiary's treatment. [The Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria: It is safe and effective; It is not experimental or investigational; and it is appropriate, including the duration and frequency in terms of whether the service or item is: furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member; furnished in a setting appropriate to the beneficiary's medical needs and condition; Ordered and furnished by qualified personnel; and, one that meets, but does not exceed, the beneficiary's medical need. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. Under the Federal Claims Collection Act of 1966, as amended, each agency of the Federal Government (pursuant to regulations jointly promulgated by the Attorney General and the Comptroller General of the U.S.) must attempt collection of claims of the Federal Government for money arising out of the activities of the agency. The Fiscal Intermediary (FI) or Contractor will not be liable for overpayments it makes to debtors in the absence of fraud or gross negligence on its part; however, once an intermediary or carrier determines an overpayment has been made, it must attempt recovery of overpayments in accordance with the CMS regulations. The Federal Claims Collection Act requires timely and aggressive efforts to recover overpayments, including efforts to locate the debtor where necessary, demands for repayment, and establishment of repayment schedules, suspension of interim payments by intermediaries to institutional providers, and recoupment or setoff, where appropriate. In addition, the Debt Collection Improvement Act of 1996 requires Federal agencies to refer eligible delinquent debt to a Treasury designated Debt Collection Center (DCC) for cross servicing and offset. CMS is mandated to refer all eligible debt over 180 days delinquent for cross servicing and offset. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The above-noted service, membrane graft or membrane wrap, per square centimeter - zero drug wasted - skin substitute - specific required documentation on file (Q4205-JZJCKX for 65 units), at issue was submitted for payment and denied. An overpayment was discovered and a notification was sent to the provider. Upon redetermination, an unfavorable decision was made because the documentation was insufficient to support medical necessity. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced herein.

A reconsideration request was submitted to appeal the denial of the above service. The QIC has reviewed the case file and evidence submitted by the appellant. In review of the documentation provided, the beneficiary was evaluated for advanced wound therapy for a non-healing ulcer. The medical records contain a letter as well as a visit note to support the procedure was performed along with the baseline assessment and trialed conservative treatment. The documentation supports measurements as well as amount of product used and wasted. The QIC finds that Q4205 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4205 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4205 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. The overpayment is valid.

In conclusion, the decision of the QIC is unfavorable

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

| **Medicare Appeal Number:** |
|---|
| **1-15482452177** |

## Appeal Details

| **Beneficiary** | [redacted] |
|---|---|
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 07/02/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

<u>If you are a beneficiary or you represent a beneficiary</u>, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

**Medicare Appeal Number:**

**1-15485412389**

September 26, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) July 02, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On June 02, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  60.0 units of Drug Services
  2.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | 15273: Skin Sub Grft T/Arm/Lg Child - (07/02/2024) |
| | | 15274: Skn Sub Grft T/A/L Child Add - (07/02/2024) |
| | | Q4205: Membrane Graft Or Wrap, Per Square Cm - (07/02/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A) of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 60 units of Q4205-JZJCKX [membrane graft or membrane wrap, per square (sq.) centimeters (cm)], 15273 [application of skin substitute graft to trunk, arms, legs, total wound surface area greater than or equal to 100 sq. cm; first 100 sq. cm wound surface area, or 1% of body area of infants and children], and 15274 [application of skin substitute graft to trunk, arms, legs, total wound surface area greater than or equal to 100 sq. cm; each additional 100 sq. cm wound surface area, or part thereof, or each additional 1% of body area of infants and children, or part thereof (List separately in addition to code for primary procedure)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. In addition, the application of skin substitute grafts related to the non-covered membrane graft was also considered not medically reasonable and necessary. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress

notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. In addition, the related application codes will remain denied.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

| Medicare Appeal Number: |
|---|
| 1-15485412389 |

## Appeal Details

| | | | |
|---|---|---|---|
| **Beneficiary** | [redacted] | | |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** | | |
| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
| [redacted] | 07/02/2024 | 15274: SKN SUB GRFT T/A/L CHILD ADD | Unfavorable |
| | 07/02/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |
| | 07/02/2024 | 15273: SKIN SUB GRFT T/ARM/LG CHILD | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

WPDM2680 - 000148 - 004 OF 005

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000114 - 001 OF 005

**Medicare Appeal Number:**

**1-15485411801**

September 26, 2025

**INDY WOUND CENTER FOR LIMB PRESERVATION & REC.**
**PO BOX 27**
**FISHER, IN 46038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: ***** [redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB PRESERVATION & REC.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

unfavorable, and it originated from an overpayment, the Medicare Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) July 02, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 30, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  60.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (07/02/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A) of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-

Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:

- It is safe and effective;
- It is not experimental or investigational, and
- It is appropriate including the duration and frequency in terms of whether the service or item is:

- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.

[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 60 units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

| Medicare Appeal Number: |
|---|
| 1-15485411801 |

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 07/02/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use Form **OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000136 - 001 OF 005

**Medicare Appeal Number:**

**1-15485412213**

September 26, 2025

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: ***** [redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 13, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On June 02, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  18.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (08/13/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A)

of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 18 units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15485412213**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 08/13/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS



## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000118 - 001 OF 005

**Medicare Appeal Number:**

**1-15485411857**

September 26, 2025

**INDY WOUND CENTER**
**P.O. BOX 27**
**FISHER, IN 46038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

## Medicare Reconsideration Decision

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER

DEAR W. MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 13, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 30, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  63.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (08/13/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A)

of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 63 units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

| Medicare Appeal Number: |
|---|
| 1-15485411857 |

## Appeal Details

| Beneficiary | [redacted] |
|---|---|
| Provider | INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 08/13/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

WPDM2680 - 000118 - 004 OF 005

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000116 - 001 OF 005

**Medicare Appeal Number:**

**1-15485411849**

September 26, 2025

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

## Medicare Reconsideration Decision

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) August 13, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 30, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  65.0 units of Drug Services
  2.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | 15273: Skin Sub Grft T/Arm/Lg Child - (08/13/2024) |
| | | 15274: Skn Sub Grft T/A/L Child Add - (08/13/2024) |
| | | Q4205: Membrane Graft Or Wrap, Per Square Cm - (08/13/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A) of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:

- It is safe and effective;
- It is not experimental or investigational, and
- It is appropriate including the duration and frequency in terms of whether the service or item is:

- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.

[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 65 units of Q4205-JZJCKX [membrane graft or membrane wrap, per square (sq.) centimeters (cm)], 15273 [application of skin substitute graft to trunk, arms, legs, total wound surface area greater than or equal to 100 sq. cm; first 100 sq. cm wound surface area, or 1% of body area of infants and children], and 15274 [application of skin substitute graft to trunk, arms, legs, total wound surface area greater than or equal to 100 sq. cm; each additional 100 sq. cm wound surface area, or part thereof, or each additional 1% of body area of infants and children, or part thereof (List separately in addition to code for primary procedure)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. In addition, the application of skin substitute grafts related to the non-covered membrane graft was also considered not medically reasonable and necessary. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that

[Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. In addition, the related application code will remain denied.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15485411849**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 08/13/2024 | 15274: SKN SUB GRFT T/A/L CHILD ADD | Unfavorable |
| | 08/13/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |
| | 08/13/2024 | 15273: SKIN SUB GRFT T/ARM/LG CHILD | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2610 - 000325 - 001 OF 005

**Medicare Appeal Number:**

**1-15482452221**

September 19, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

## Medicare Reconsideration Decision

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) September 24, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 29, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 28, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  65.0 units of Drug Services
  2.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | 15273: Skin Sub Grft T/Arm/Lg Child - (09/24/2024) |
| | | 15274: Skn Sub Grft T/A/L Child Add - (09/24/2024) |
| | | Q4205: Membrane Graft Or Wrap, Per Square Cm - (09/24/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act)]

Medicare guidelines place the burden upon the provider to furnish information that may be necessary to determine if payment is due. The service rendered to the patient must be documented in a clear and understandable fashion. The information must be clearly displayed in the medical records. [Section 1833€ of the social Security Act and Title 42, Code of Federal Regulations, Section 424.5(a)(6)]

Items and services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member are not covered, e.g., payment cannot be made for the rental of a special hospital bed to be used by the patient in their home unless it was a reasonable and necessary part of the beneficiary's treatment. [The Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria: It is safe and effective; It is not experimental or investigational; and it is appropriate, including the duration and frequency in terms of whether the service or item is: furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member; furnished in a setting appropriate to the beneficiary's medical needs and condition; Ordered and furnished by qualified personnel; and, one that meets, but does not exceed, the beneficiary's medical need. [The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments a provider or beneficiary has received in excess of amounts due and payable under the statute and regulations. Once a determination of an overpayment has been made, the amount is a debt owed by the debtor to the United States Government. Under the Federal Claims Collection Act of 1966, as amended, each agency of the Federal Government (pursuant to regulations jointly promulgated by the Attorney General and the Comptroller General of the U.S.) must attempt collection of claims of the Federal Government for money arising out of the activities of the agency. The Fiscal Intermediary (FI) or Contractor will not be liable for overpayments it makes to debtors in the absence of fraud or gross negligence on its part; however, once an intermediary or carrier determines an overpayment has been made, it must attempt recovery of overpayments in accordance with the CMS regulations. The Federal Claims Collection Act requires timely and aggressive efforts to recover overpayments, including efforts to locate the debtor where necessary, demands for repayment, and establishment of repayment schedules, suspension of interim payments by intermediaries to institutional providers, and recoupment or setoff, where appropriate. In addition, the Debt Collection Improvement Act of 1996 requires Federal agencies to refer eligible delinquent debt to a Treasury designated Debt Collection Center (DCC) for cross servicing and offset. CMS is mandated to refer all eligible debt over

180 days delinquent for cross servicing and offset. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The above-noted services, skin substitute graft to wound 100.0 sq cm or more of trunk, arms, or legs, 100.0 sq cm or 1% body area for infants and children, or less (15273), skin substitute graft to wound 100.0 sq cm or more of trunk, arms, or legs, each additional 100.0 sq cm or 1% body area for infants and children, or less (15274), and membrane graft or membrane wrap, per square centimeter - zero drug wasted - skin substitute - specific required documentation on file (Q4205-JZJCKX for 65 units), at issue were submitted for payment and denied. An overpayment was discovered and a notification was sent to the provider. Upon redetermination, an unfavorable decision was made because the documentation was insufficient to support medical necessity. In addition, since the primary procedure is not allowed; the related services cannot be paid. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced herein.

A reconsideration request was submitted to appeal the denial of the above services. The QIC has reviewed the case file and evidence submitted by the appellant. In review of the documentation provided, the beneficiary was evaluated for advanced wound therapy for a non-healing ulcer. The medical records contain a letter as well as a visit note to support the procedure was performed along with the baseline assessment and trialed conservative treatment. The documentation supports measurements as well as amount of product used and wasted. The QIC finds that Q4205 is experimental and investigational as denoted by the Q code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Q4205 is considered investigational and is not payable as per CMS, it is the QIC's determination that the Q4205 does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. In addition, since the primary procedure is not allowed; the related services cannot be paid. The overpayment is valid.

In conclusion, the decision of the QIC is unfavorable

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable

for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15482452221**

## Appeal Details

| | | | |
|---|---|---|---|
| **Beneficiary** | [redacted] | | |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** | | |
| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
| [redacted] | 09/24/2024 | 15274: SKN SUB GRFT T/A/L CHILD ADD | Unfavorable |
| | 09/24/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |
| | 09/24/2024 | 15273: SKIN SUB GRFT T/ARM/LG CHILD | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000130 - 001 OF 005

**Medicare Appeal Number:**

**1-15485411995**

September 26, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) September 24, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 30, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  6.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (09/24/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A)

of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), six units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**
**1-15485411995**

| **Appeal Details** |
|---|

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 09/24/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000138 - 001 OF 005

**Medicare Appeal Number:**

**1-15485412259**

September 26, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: ****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) September 24, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On June 02, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  64.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (09/24/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A)

of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 64 units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

| Medicare Appeal Number: |
|---|
| **1-15485412259** |

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 09/24/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPDM2680 - 000122 - 001 OF 005

**Medicare Appeal Number:**

**1-15485411873**

September 26, 2025

**INDY WOUND CENTER FOR LIMB P**
**P.O. BOX 27**
**FISHER, IN 46038**

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: INDY WOUND CENTER FOR LIMB P.

DEAR W. O'MALLEY:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) September 24, 2024, for payment to Wisconsin Physician Service Insurance Corporation.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On May 30, 2025, Wisconsin Physician Service Insurance Corporation completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On July 29, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  63.0 units of Drug Services
- Records contained in the case file included:
  Reconsideration Request
  Letters/Statements
  Supporting Literature/Documentation
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4205: Membrane Graft Or Wrap, Per Square Cm - (09/24/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. [Section 1862(a)(1)(A)

of the Social Security Act (the Act), and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual, Chapter 16, Section 20]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures, or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational, and
• It is appropriate including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and
- One that meets, but does not exceed, the beneficiary's medical need.
[CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

Overpayments are Medicare payments that a provider or beneficiary has received more than amounts due and payable under the statute and regulations. Once an overpayment has been determined, the charge is a debt owed by the debtor to the United States Government. [The CMS IOM, Pub. 100-06, Medicare Financial Management Manual (MFMM), Chapter 3, Section 10]

The service(s), 63 units of Q4205-JZJCKX59 [membrane graft or membrane wrap, per square (sq.) centimeters (cm)] at issue, were submitted for payment and denied. The Unified Program Integrity Contractor (UPIC) determined that an overpayment occurred. Upon redetermination, an unfavorable decision was made because the records were insufficient to support the medical necessity for this service. The Medicare Administrative Contractor (MAC) based their decision on Medicare law, regulation, and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case, and the applicable law(s), regulation(s), and/or policy(s) used in rendering this decision are referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. The documentation includes progress notes, wound care notes, laboratory results, radiology results, and orders for review. The QIC finds that [Q4205] is experimental and investigational, as denoted by the 'Q' code status nomenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since [Q4205] is considered investigational and is not payable as per CMS, it is the QIC's determination that the [Q4205] does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act.

In conclusion, the QIC's decision is unfavorable.

## Who is Responsible for the Bill?

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Wisconsin Physician Service Insurance Corporation bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges and found at fault in causing an overpayment for the denied services. The record does not support the beneficiary was notified in advance that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s). [Section 1870 of the Social Security Act]

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**
**1-15485411873**

**Appeal Details**

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **INDY WOUND CENTER FOR LIMB PRESERVATION & RECONSTRUCTION LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 09/24/2024 | Q4205: MEMBRANE GRAFT OR WRAP, PER SQUARE CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

WPDM2680 - 000122 - 004 OF 005

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227